<div align="right">ALBANY,<br>January, 1822.<br>REAB<br>v.<br>MOOR.</div>

Judgment for the plaintiffs.

## G. REAB *against* MOOR.

IN ERROR to the Court of Common Pleas of *Washington* county. *Moor* brought an action for work and labour, &c. against *Reab*, in a Justice's Court, and claimed fifty dollars. The defendant pleaded the general issue, and a set-off, and the cause was tried by a jury, who found a verdict for the plaintiff, for thirty-three dollars and seventy-two cents, on which the Justice gave judgment; and *R.*, pursuant to the act, entitled, " an act to extend the jurisdiction of Justices of the Peace," appealed to the Court of Common Pleas of *Washington* county. After the appeal was filed, *R.*, the appellant, assigned errors, and *M.* joined in error, which appeared to be the mode of proceeding in such cases, according to the rules of practice established in that Court. When the appeal came on to be heard, the appellee suggested to the Court, that as there had been a regular joinder in error, the appellant, as holding the affirmative of the issue, must proceed and show error in the judgment of the Justice's Court, and the Court of C. P. decided, accordingly, that the appellant must proceed and impeach the judgment. To this opinion the counsel for the appellant excepted.

*Josiah Reab*, a witness for the appellant, testified, that an

<div style="float:right; width:30%; font-size:smaller;">
Where a Court of Common Pleas, on an *appeal* from a Justice's Court, under the act to extend the jurisdiction of Justices of the Peace, (Sess. 41. ch. 94.) when the cause came on to be tried, required the *appellant* to commence, and in the first instance to produce evidence to impeach the judgment, there having been a regular joinder in error, according to the rules of practice established in that Court: *Held*, that although this, as being a matter of *practice*, could not be alleged for error in this Court, yet, that, according to the just construction of the act, the practice was incorrect,
</div>

and that the appellee ought first to show his right to recover, as a plaintiff, in any other case.

If a party in the Justice's Court, serves a notice on the opposite party to produce a written instrument, or paper, at the trial before the Justice, or that parol evidence will be given of its contents, and parol evidence is, accordingly, given, such notice is available to the party giving it, in appeal to the Court of Common Pleas, to entitle him to give parol evidence in that Court, if the writing is not produced.

Where the plaintiff agreed to work for the defendant for eight months, for 104 dollars, or 13 dollars a month : *Held*, that the contract was entire, and that the work for the whole period was a condition precedent, to be performed, before the plaintiff could sue for his hire.

agreement in writing had been entered into between the parties, as to *M.'s* working for *R.* during the summer of 1819. The counsel for the appellee objected to any parol proof being given of the agreement. The witness then stated, that there was a duplicate of the agreement, and that both were signed by the parties, each keeping one. That *R.* kept the one he had, in the bar of his tavern. The witness had charge of the bar, and one day, when *R.* was absent, the mail came in, and the witness went to the post-office, and when he returned, he found the door of the bar open, and *M.* in the bar room; and that since that time, both *R.* and the witness have searched for the agreement, but were unable to find it. That before the trial of the cause before the Justice, he served a notice in writing on the counsel of *M.*, that *M.* would be required, on the trial of the cause before the Justice, to produce the duplicate of the agreement, or parol evidence would be given of it. The Court of C. P. thereupon decided, that the evidence and notice so given, were sufficient to entitle *R.* to give parol evidence of the agreement, on the trial of the cause in that Court. To this opinion the counsel for *M.* excepted. The witness then testified, that about the 1st of *April,* 1819, the parties made the agreement mentioned, by which *M.* " was to work for *R.* eight months, for which *R.* was to pay him 104 dollars, or 13 dollars per month ; that *M.* continued to work for *R.* until the 23d or 24th of *June* following, when he refused to work any more ; and *M.* told the witness that he would not work any more for *R.*, unless he could make another agreement." The witness, also, proved a receipt, in the handwriting of *M.* to *R.*, in full of all demands, up to *April* 1, 1819. Another witness testified, that the evening before *M.* quitted *R.*'s house, he heard *R.* speak very harshly to him, and bid him leave his house. Another witness testified, that on the morning *M.* left *R.*, he demanded of *R.* payment for the work he had done, and *R.* said, that he would not pay him, until he fulfilled his contract.

The counsel for the appellant objected to the right of *M.* to recover, on the ground that the performance of the work was a condition precedent, to be performed on his part; but the Court overruled the objection, and the counsel for *R.*

excepted to the opinion of the Court, who gave judgment for *M.* for the amount recovered in the Justice's Court.

On the return to the writ of error, the cause was submitted to the Court, on the record and bill of exceptions, without argument.

WOODWORTH, J. delivered the opinion of the Court. *Moor* commenced an action against *Reab*, in a Justice's Court, and recovered judgment. The cause was removed to the Common Pleas of *Washington* county, by appeal, and judgment was there rendered for the appellee.

After the appeal was filed, the appellant assigned errors, and the appellee joined in error, which is stated in the bill of exceptions to be according to the rules of practice established in that Court. When the cause came on to be tried, the Court decided, that the appellant must proceed in the cause, and impeach the Justice's judgment; the counsel for the appellant excepted to this opinion, and then commenced the examination of witnesses.

This exception cannot be supported; for the matter objected to related to a rule of practice in that Court, which required the appellant, in the first instance, to produce his testimony. It may be observed, that such a practice is novel, and inconsistent with the spirit of the act allowing appeals. The Court below considered the recovery before the Justice as a ground, *prima facie,* to recover in the Common Pleas; and upon this misconstruction, it is probable, originated the practice of assigning errors, and requiring the appellant to impeach the judgment. But this is not the true construction of the act. Where a cause is removed, the trial is on the pleadings; and by the legal testimony exhibited in the Court below, the appellee must make out a right to recover. He stands in the same situation as a plaintiff in an ordinary case; excepting the restriction as to the testimony, by which his right is to be established. To require the appellant, who is really the defendant, to begin, may, probably, embarrass him in the manner of conducting his defence; yet, as the rule does not exclude his testimony, nor touches the merits of the controversy, but merely pre-

scribes the form of proceeding, it cannot be considered as error, to which a bill of exception lies.

There is another exception on the part of the appellant, taken to the opinion of the Court; but before that is considered, it is necessary to determine, whether the evidence on which the Court expressed an opinion, was properly admitted. (The Judge here recapitulated the evidence.)

The agreement retained by the appellant could not be found on search. I think the proof satisfactory as to that point. Then, was the notice to produce the duplicate before the justice, available at the trial in the Common Pleas? The notice was sufficient to call on the party to produce the duplicate, on the trial before the justice. The general rule is, that where notice is given to produce a paper *at the trial*, if the cause is not tried at the next circuit thereafter, the effect of the notice is not spent, but extends to the time of trial, whenever it takes place. But it is otherwise, if the notice is special, and confined to a particular circuit. (*Jackson v. Sherman, 6 Johns. Rep.* 19.) In the present case, the notice is confined to a trial before the justice, and may, therefore, be called special. It had no reference to a trial in any other court, and could not be considered a notice applicable to the Common Pleas, unless the statute authorizing the removal of causes, makes it applicable. When a cause is removed, the statute directs the Court to proceed on the examination of the witnesses named in the return, who were sworn, and testified before the justice, and to give judgment, according as the very right of the case shall appear, without regard to the previous trial had thereon. (Sess. 41. ch. 94. sec. 19.) The intention of the law is, that the cause should be heard in the Common Pleas on the evidence that was *legally* given before the justice. It is confined to the same witnesses, and is substantially a new trial, on the same pleadings and proofs. It follows, then, as a consequence, that the notice to produce the duplicate, being a part of the evidence before the justice, was a valid notice in the Common Pleas; and, consequently, this exception was not well taken. The witness testified, that about the 1st of *April*, 1819, the parties made an agreement in writing, by which the appellee

ALBANY,
January, 1822

REAB
v.
MOOR.

was to work for the appellant eight months, for which the appellant was to pay him 104 dollars, or 13 dollars a month; that the appellee continued his work until the 23d or 24th of *June* following, when he refused to work any more, although requested. The claim of the appellee before the justice was for services rendered for the appellant, between the 1st of *April*, 1819, and the 24th *June*, following. On the part of the appellee, proof was offered that the appellant ordered the appellee to quit his house the evening before he actually left it; but whether this was before or after the appellee refused to work, does not appear, and, therefore, is of little importance; besides, it appears from the testimony, that the appellee declared he would not work any longer, without another agreement; and that in the morning of the day when the appellee left the appellant, he demanded payment for his work, and the appellant answered, that he would not pay him, until he fulfilled his contract. This very clearly shows, that the appellant did not wish to rescind the contract; but that the appellee was determined to continue no longer in the appellant's service. The contract, then, remained in full force. The counsel for the appellant objected to the right of the appellee to recover, because he had not performed the work, which was a condition precedent. The Court overruled the objection, to which the appellant excepted. This is the last point in the cause.

The written contract between the parties was an entire contract of hiring for eight months, at a stipulated price. There was no subsequent modification, nor did the appellant rescind on his part. The action was, therefore, prematurely commenced. The appellee had no claim, until the expiration of eight months. (*Thorpe* v. *White and others*, 13 *Johns. Rep.* 53.) The work was a condition precedent, to be performed before the appellee was entitled to payment. There is no provision that payment should be made monthly, or otherwise; but the appellee was to work eight months, for which the appellant was to pay him 104 dollars, or 13 dollars per month; not 13 dollars at the end of every month, but the entire sum of 104 dollars to be paid, was to be equal to that rate of compen-

sation. (12 *Johns. Rep.* 165. *M'Millan* v. *Vanderlip*, 17 *Johns. Rep.* 72. 5 *Bos. & Pull.* 61. *Waddington* v. *Oliver*, 2 *Mass.* 147.)

On the whole, we think this exception is well taken, and that the judgment of the Court below must be reversed.

*Judgment reversed.*