Foot, J. (dissenting.)
The first question in this cause is, whether the covenants between the parties are dependent.
Obviously, they are not. The appellants engaged to pay “the sum of forty cents per day each, for every day’s work done and performed ” by the thirty convicts mentioned in the articles of agreement, and “to pay for the labor of said convicts at the end of each month in cash, or with satisfactory paper payable in three months from date.” On these terms, the appellants were to have the labor of the thirty convicts for five years. It is clear, that the respondent had a right of action at the end of every month, for the previous month’s wages, and was not bound to wait until the end of the five years, before he could enforce his claim for them.
When the contract was rescinded by the respondent, in obedience to the opinion of the attorney-general, given under the statute on that subject (Laws of 1840, ch. 148, § 5, 128), the right of action of the respondent for the wages of the previous month was perfect. The rule is perfectly well settled, that when a right of action has accrued and become perfect in favor of a person, he cannot be deprived of it except by his.release under seal, or by an agreement by which he engages to accept, and does accept, something else in satisfaction and discharge. This rule is one of the oldest in the common law, and has never, as I am aware, been departed from. This court has acted upon this rule of law at the present term, in the case of Dunlop v. McKnight, and rendered a judgment in accordance with it.
It is obvious, that if this judgment is reversed on the ground that the respondent cannot recover, because he rescinded the contract after his right of action became perfect, this ancient and valuable rule of law is violated; for the *301 respondent is deprived of his right of action after it had become perfect, because he did a subsequent wrong. For which wrong, however, the party injured may have full redress by an action on the covenant; and he might also have redressed the wrong, if it existed, by recoupment in this action.
The fact that the respondent did hot commence his action for the two months’ wages till after he rescinded the contract, cannot, it seems to me, make the slightest difference. The only inquiry is, was his right of action perfect; not whether he had commenced an action to enforce it. The right to deprive him of it surely cannot rest on any such ground.
There is only one case in the books, so far as my own or the researches of counsel have gone, where a party commenced a suit for previously earned wages after he had rescinded the contract. That is the case of Read v. Moor (19 John., 337). In that one the supreme court decided against the plaintiff, because the covenants were dependent, and the plaintiff not entitled to recover any wages until he worked the whole eight months as he had engaged; but in delivering the judgment of the court, Mr. Justice Woodworth distinctly and in terms states, that if the covenants had been independent, and the plaintiff had been entitled to his wages at the end of every month, and to sue for them if they were not paid, he would have been entitled to judgment (Id., 341). The doctrine of this case is decisive of the present one, and should control it.
The next question is, whether the respondent is barred of his right of recovery, because the contract is illegal by reason of containing a provision that the appellants shall teach the convicts hired to them the trade of manufacturing hats; and by reason of the number of such convicts not being limited to the number of convicts who had learned a trade before coming to prison.
*302 Our statute declares that no mechanical trade shall be taught to. convicts in our state prisons, “ except the making of those articles of which the chief supply for the consumption of the country is imported from foreign countries.” {Laws of 1835, ch. 302, § 7, p.342.) The same statute also directs, that “ in all those branches of business of which the consumption of the country is chiefly supplied without foreign importations, the number of convicts to be employed or let shall be limited by the number of convicts who had learned a trade before coming to prison.” (Id., § 9, 343.)
In 1840 the legislature directed all contracts for convict labor to be submitted to the attorney-general, and “if, on examination, he shall be of opinion that any of such contracts are in violation of existing laws, he shall certify such opinion to the inspectors having charge of the same, and they shall rescind the same on the 1st May, 1843.” (Laws of 1840, ch. 148, § 182.)
The contract in question was rescinded under this statute, on the certificate of the attorney-general, who simply certified that in his opinion it was illegal, without stating any grounds or reasons for his opinion.
The special verdict does not show that the trade of manufacturing hats is one of the kind in which the convicts may not be instructed, nor that the number of convicts hired to .the appellants is greater than the number who had learned a trade before coming to prison. It appears to me, therefore, that the question of illegality of the contract cannot be raised. There is no fact which furnishes a basis for it. The certificate of the attorney-general is no proof of any fact except of his giving such an opinion. It may be right or wrong; and whether the one or the other, depends on the facts upon which he expressed it.
The counsel for the appellants contends that the respondent, who .sues for the state, is estopped from denying that the contract is illegal, because the law officer of the state expressed an opinion that it was. This would be using the *303 doctrine of estoppel in pais to establish an affirmative fact, and would make it perform the office of legal evidence. Had the appellants proved the contract illegal, then, if ever, they might contend that the state was estopped from denying its illegality. I must not, however, be understood as countenancing the idea that they could so contend with success. But until the appellants prove something, there is nothing for the respondent to deny, or to be estopped from denying.
I think the judgment should be affirmed with costs.
Mullett, J., did not hear the argument.
Judgment reversed.