Shaw, C. J.
The only question in this case is, whether the directions were right, and the' court are of opinion that they were. The contract of the plaintiff was, no doubt, for an entire, year’s service; but the performance of this entire contract was not a condition precedent to the plaintiff’s right to recover any thing, because the plaintiff was, at his option, entitled to receive his pay monthly. This is one of the tests to determine whether mutual contracts are dependent or independent. If the whole is to be performed on one side, before any thing is to be done on the other, they are dependent, and performance is a condition precedent. But if something is to be done on one side, before the whole can be performed on the other, then they are independent. So here, where payments were to be made monthly, at the option of the plaintiff, that is within the year, the performance of a year’s service could not be a condition precedent to demanding a month’s pay. Couch v. Ingersoll, 2 Pick. 292.
The same contract may embrace some stipulations which are dependent, some independent. Kane v. Hood, 13 Pick. 281. The present contract is of this character. The performance of a year’s service was necessarily independent, and could not be a condition precedent to a monthly payment within the year. But as the monthly payments were to be made for services actually to be done, the performance of a month’s service was a condition precedent to the right to demand a month’s wages, and these, therefore, were dependent stipulations.
Then, applying the well known rule of law, that a dependent stipulation is a condition, and performance must be averred and proved in order to recover; but that mutual and independent stipulations are not conditions, but each party has a remedy by action for non-performance by the other, without showing performance on his own part; the defendant was bound to pay for each month’s service when performed, upon proper notice of the plaintiff’s option; and the defendant’s *371 remedy against the plaintiff, should he fail to perform his contract for a year’s service, was not by refusing payment of monthly wages earned and due by the contract.
The case of Read v. Moor, 19 Johns. 337, was like this in being an entire contract for a sum to be paid for a year’s service, and the court held that the plaintiff, having left the service within the year, could not recover pro rata. But the decision went on the ground, that the stipulation was for payment of an entire sum, and the court took care to remark, that there was no promise to pay monthly.
In regard to the supposed waiver of monthly payments, relied on by the defendant, we think a month’s wages became due to the plaintiff at the expiration of each month’s service, in conformity with and in performance of the contract, on proper notice and demand; and the mere forbearance of demand was no waiver of the right.
The court are of opinion, that the directions of the judge were in strict conformity with these views of the law, and that he left the evidence to the jury with proper instructions, to find whether the plaintiff gave proper notice of his option, and made a reasonable demand of payment for his wages, for the months actually completed, and if so, to find for the plaintiff, otherwise for the defendant. Exceptions overruled.