Martin, J.
The judgment in this case seems to be unsupported by the evidence. The action was for the breach of a contract whereby the defendants employed the plaintiff to work for them on their farm for the period of eight months, at $20 per month. The plaintiff alleged that he worked for the defendants under this contract from March 4, 1884, to June 14th of the same year, when he was wrongfully discharged by them. The proof failed to show the plaintiff’s discharge. The evidence was that one of the defendants asked the plaintiff to get some water; that he refused to do so; that she then told her son to take the horses away from the plaintiff, which he did; and that the plaintiff soon after left, and never returned to work for the defendants. This falls far short from establishing a breach of the contract on the part of the defendants. The contract between the parties was an entire contract for the period of eight months, and the plaintiff was not entitled to recover until he had fully performed on his part, unless the contract was rescinded before the completion of the term by the wrongful dismissal of the plaintiff. McMillan v. Vanderlip, 12 Johns. 165; Reab v. Moor, 19 Johns. 337; Wolfe v. Howes, 20 N. Y. 200; Tipton v. Feitner, Id. 429; Jenkins v. Wheeler, *42 N. Y. 645, 653. The plaintiff alleged that the contract yas thus rescinded, but his proof failed to establish that fact. We are of the opinion that the evidence was insufficient to sustain the judgment rendered by the justice, and that the county court erred in not reversing such judgment. Judgment of the county court and of the justice reversed, with costs. All concur.