NEW-YORK,
May, 1830.

Dubois *vs.* The Delaware and Hudson Canal Company.

Where a party contracted to do a given job of a work by a stipulated time, and in the contract was contained a provision that a portion of the work should not be done until directions were given by the other party, *it was held*, that the power to suspend the doing of the work, did not continue so long as to prevent the completion of it within the time agreed on.

And where a party was prevented from performance within the stipulated time by the omission of the other, and subsequently performed the work agreed upon, but at an enhanced expence, *it was held*, that he was not obliged to bring his action upon the contract, but might resort to the *quantum meruit* to obtain his indemnity.

There is not, *it seems*, any precise rule, which when applied to the breach of a contract, certainly settles the question whether it is thereby abandoned or not; but if the act of one party be such as necessarily to prevent the other from performing on his part according to the terms of the agreement the contract will be considered as rescinded, and the party may resort to his *quantum meruit*.

So a plaintiff may recover on the *quantum meruit* where the defendant has done no act to prevent the performance, and where the evidence is sufficient to warrant the Plaintiff's action on the general count, supposing no special agreement had been laid in the declaration, but in such case, the terms of the special agreement regulate the compensation.

If a contract has been rescinded, the plaintiff may resort to his general counts; so if the contract has been completely executed, he may recover in *indebitatus assumpsit* the stipulated price, unless the terms of the contract will be thereby infringed.

Where work is done under a special contract at estimated prices, and there is a deviation from the original plan by the consent of the parties, the estimate is to be the rule of payment as far as the special contract can be traced, and for the extra labour, the party is entitled to his *quantum meruit;* so also for any additional expence incurred in consequence of the party being obliged to do the work under disadvantageous circumstances, occasioned by the opposite party, he is entitled to an allowance.

A contract made by an agent in the name of his principals, he having authority to do the act, is not binding upon him individually.

*Assumpsit* against the principals, is the proper form action, although the agent affixes a seal to his name, it being the seal of the agent and not of his principals.

This was an action of assumpsit, tried at at the Ulster circuit in November, 1828, before the Hon. Ogden Edwards, one of the circuit judges.

In November, 1825, the plaintiff entered into a contract with the defendants to construct a part of their canal, desig-

Dubois
v.
Delaware and
Hudson Canal
Company.

NEW-YORK,
May, 1830.

Dubois
v.
Delaware and
Hudson Canal
Company.

nated as section No. 12, at stipulated prices for the several kinds of work to be done, and engaged to complete the same by the 1st October, 1826. In the contract was contained a stipulation that no public or private road crossing the line of the canal should be obstructed by excavation, or otherwise, until directions should be given by one of the engineers in the employment of the defendants to complete the canal across such roads. The contract was signed and sealed by the plaintiff, and also by the agent of the company in the following manner : " Maurice Wurts, agent for the Delaware and Hudson Canal Company L. S." The counterpart delivered to the plaintiff was signed and sealed in like manner by the agent of the company.

The plaintiff commenced work in the fulfilment of his contract. In the progress of it, 4 chains of section No. 13 were added to the work to be done by the plaintiff ; who also did a variety of other work on the canal not embraced in his contract. There was a road with the line of the canal crossed, on the section taken by the plaintiff, and directions to complete the canal across such road were delayed so long that the road was kept open until the 15th or 18th October, 1826 ; which was as soon as the plaintiff could construct the canal across the road after receiving directions. The plaintiff continued to work on the canal until 1st December, 1826 ; a great proportion of the work was done in the months of October and November preceding, under the supervision of the engineers of the plaintiff, who from time to time gave directions in the construction of it.

The plaintiff brought an action of assumpsit to recover for the work done by him. The declaration contained, 1. A count on an *indebitatus assumpsit* for work and labor ; 2. A *quantum meruit ;* 3. The money counts ; and 4. An *insimul computassent.* On the trial of the cause, after proving the work done, and the value of the same, the plaintiff rested.

The defendants proved the written contract of November, 1825, and insisted that the action brought by the plaintiff could not be maintained ; that it ought to have been *covenant* and not *assumpsit ;* and that if assumpsit would lie, the plaintiff could recover only on the special agreement. The judge

overruled the objections. It then appearing that the trial <span style="float:right">NEW-YORK,</span>
would require the examination of a long account, a verdict May, 1830.
was taken by consent for the plaintiff for the nominal sum of Dubois
$1000, subject to the opinion of this court on a case to be v.
made on the questions of law decided at the circuit; and it Delaware and Hudson Canal
was agreed that if this court decided in favor of the plaintiff, Company.
the cause should be referred to three referees pursuant to
the statute.

The case was argued by

*H. M. Romeyn & J. A. Spencer,* for the plaintiff, who
made the following points:

1. An action could not have been maintained against
*Wurts,* he being the authorised agent of the defendants, act-
ing within the scope of his authority, contracting for the com-
pany and in their behalf, and not entering into any personal
covenant or undertaking whatever. If he is liable, the action
is nevertheless maintainable against the defendants, the work
being done for them. (1 Comyn on Cont. 248, 9. 2 Esp. R.
567. 6 Serg. & Lowb. 196. 19 Johns. R. 60.)

2. An action of *covenant* could not have been maintained
against the defendants, the contract not being executed under
the corporate seal of the company. (19 Johns. R. 60. 6
Cowen, 448.)

·3. If the contract is valid as a covenant or special agree-
ment, the performance of it on the part of the plaintiff, within
the time and pursuant to the terms thereof, having been pre-
vented by the omission of the defendants to give directions
relative to the making of the canal across the road, the plain-
tiff is entitled to sustain his action. (2 Stark. on Ev. pt. 4,
94, n. 1. 10 Johns. R. 36. 13 id. 56. 15 id. 203. 1 Pe-
ters, 467. 7 T. R. 177. 3 Esp. R. 71 and 269. 2 Wen-
dell, 587.)

4. If the defendants have not done or omitted any act
whereby the contract may be considered as avoided, yet if the
plaintiff (although he did not perform within the time and ac-
cording to the terms of the contract) proceeded and finished
the work, and performed a great portion thereof, with the
knowledge and assent of the defendants, after the time speci-
fied for its completion had expired, he is entitled to maintain

NEW-YORK,
May, 1830.

Dubois
v.
Delaware and
Hudson Canal
Company.

this action. (4 Cowen, 564. 10 Johns. R. 36. 8 id. 392. 7 id. 132. 15 id. 204. Buller's N. P. 139. 4 Bos. & Pul. 355. 2 Wendell's R. 587. id. 204.)

5. For the work done not included in or in pursuance of the contract, the plaintiff is at all events entitled to recover in this action. The work done on section No. 13 could not be included in the contract for section No. 12. (1 Starkie's N. P. R. 220.)

6. If the plaintiff is entitled to recover in this form of action, the written contract is not conclusive as to the prices specified in it, or as to the value of the work; it may be given in evidence to lessen the quantum of damages, but what weight it shall have must depend upon all the circumstances of the case. (Bull. N. P. 139, *Keck's case*. 10 Johns. R. 36. Lawes on pleading, 4.)

*B. F. Butler*, for the defendants, raised the following points : 1. The contract was well executed and valid to charge the defendants, and the action should have been covenant for all the work done under and within the scope of the contract ; 2. If covenant does not lie against the company, the agreement is valid as against the agent ; 3. If the contract be invalid as a covenant, it is nevertheless a special agreement, upon which the action ought to have been founded ; and 4. If the action can be sustained on the general counts, the contract furnishes the rule of compensation between the parties for all the work done under it, or which came within its scope, and the prices specified in it are conclusive evidence of the value of the work.

*By the Court*, MARCY, J. It was conceded on the argument that the case of *Randall* v. *Van Vechten and others*, (19 Johns. R. 60, (disposed of the two first points made on the part of the defendants. The contract was not binding on Wurts individually, it appearing that he had authority from the defendants to make it. Although it was under the seal of the defendant's agent, his seal was not the seal of the corporation, and the proper form of action against the defendants was assumpsit.

The point of the greatest difficulty, and the main one in the case, is as to the form of the counts. If the instrument produced, it is said, was not the defendants' covenant, it was their special agreement, and though the form of the action is assumpsit, the counts should have been on the special agreement.

If the contract has been rescinded, the plaintiff had a right to resort, as he has done, to the general counts, or, if it has been completely executed, he may recover in *indebitatus assumpsit* the stipulated price, unless the terms of the contract would be thereby infringed. (2 Phil. Ev. 83, n. a. 14 Johns. R. 326. Bull. N. P. 139. 1 Holt's N. P. 236. 5 Mass. R. 391.)

Was the contract rescinded? On the part of the plaintiff, it is contended that the omission of the defendants to give directions to open the road in time to enable the plaintiff to fulfil the contract within the period limited for its performance, was a rescinding of it. On the other side, it is said that this omission was at most but a breach of it, for which the plaintiff has his remedy by action. Every breach of a special agreement by one party does not authorize the other to treat it as rescinded; but there are some breaches that do amount to an abandonment of it. There is not, perhaps, any precise rule which, when applied to the breach of a contract, certainly settles the question whether it is thereby abandoned or not; but if the act of one party be such as necessarily to prevent the other from performing on his part according to the terms of his agreement, the contract may, I think, be considered as rescinded. By the contract, the plaintiff was to complete section No. 12 by the 1st day of October, 1826. Not having done the labor by that time, he could not recover on it. His only remedy would be on a *quantum meruit*. "If the plaintiff prove a special agreement and work done, but not according to such agreement, he shall recover upon the *quantum meruit*, for otherwise he would not be able to recover at all." (Bull. N. P. 139.) The case of *Linningdale* v. *Livingston*, (10 Johns. R. 36,) is an authority on this point. The special agreement was there considered as rescinded by

NEW-YORK, the acts of the party, which prevented the plaintiff from per-
May, 1830. forming his engagement according to the terms of the special
Dubois agreement; he was therefore allowed to abandon the count
v. on the special agreement and recover on the common counts.
Delaware and
Hudson Canal The cases go farther than merely to allow a party who has
Company. entered into a special agreement to perform labour, and has
been prevented by the other party from doing that labor ac-
cording to the terms of the agreement, to recover under the
common counts. He may recover on a *quantum meruit*
where the defendant has done no act to prevent the perform-
ance, and where the evidence is sufficient to warrant the
plaintiff's action on the general count, supposing no special
agreement had been laid in the declaration; but in the latter
case, the terms of the special agreement would regulate the
compensation. The plaintiff declared on a *quantum meruit*
for work and labor in building a house for the defendant;
the defendant shewed a special agreement that the work was
to be done at a particular time and in a specified manner,
and that the plaintiff had not conformed to his agreement, yet
the plaintiff recovered. (Keck's case, decided at Oxford, 1744,
referred to in Bull. N. P. 139.)

It was urged on the argument that the plaintiff has a rem-
edy on the contract, although the work was not done within
the stipulated time; that the limitation as to time did not take
effect, because the defendants having power to stay the work
beyond the 1st of October, by virtue of the clause in the
agreement which restrained the plaintiff from making the ca-
nal across the road until their permission was given, and they
having withheld this permission till the work could not be
done by the 1st of October, they could not be permitted to
set up the non-performance within the stipulated time to de-
feat an action by the plaintiff on the special contract. As-
suming, without deciding that the court would not suffer the
defendants to defeat the plaintiff's action, if he had chosen to
bring one on the agreement, by alleging a failure of perform-
ance within the proper time, occasioned solely by their
own acts done pursuant to a power reserved by them, yet if
these acts were done at a different time from that which the
parties had in contemplation, and by being done at such dif-

ferent time the plaintiff was necessarily subjected to great ad-
ditional expense in the performance of his engagement, he
ought not to be obliged to confine his action to the agree-
ment, and thereby lose all remedy for this additional expense.
If his remedy was on the contract alone, this, I apprehend,
would-be the result, because, if the plaintiff should say that
the reserved power in relation to the road could be so exer-
cised as to extend the time for the performance of the con-
tract beyond the 1st of October, he could not afterwards say
that the exercise of that power in such a manner that he
could not perform the contract before the 1st of October
was a breach by the defendants of the contract.

I think it is giving a fair construction to the contract to
say, that the restraint on the plaintiff not to interrupt the pub-
lic road until permission should be given, was not to be con-
tinued by the defendants so as to prevent the performance of
the work within the stipulated time. I am therefore of opin-
ion that the plaintiff has a right to prove his claim under the
common counts.

Though the special contract was departed from, the par-
ties did not wholly lose sight of it. There is much evidence
to shew that the plaintiff regarded it as *regulating* the rate
of compensation that he was to receive for his services. The
rule, applied in the case of *Robson v. Godfrey*, (1 Holt's N. P.
236,) seems to me ought to govern here with perhaps a little
modification. It was there decided that where work is
done under a special contract at estimated prices, and there
is a deviation from the original plan by the consent of the
parties, the estimate is not excluded, but is to be the rule of
payment as far as the special contract can be traced; and
for the extra labor, the party is entitled to his *quantum meruit.*
This rule needs no modification where the work embraced
in the contract is performed under circumstances not more
disadvatageous than was expected at the time of the estimate.
In this case, if the work was not more expensive by reason
that the plaintiff was obliged to perform it late in the season,
the additional expense thus incurred ought to be added to the
contract price.

The work on that part of section No. 13, which was added to section No. 12 and performed by the plaintiff, was most of it of a similar character to that embraced in the contract; and there is considerable evidence to shew that both the plaintiff and the agents of the defendants understood that it was to be performed on similar terms. If such was in fact the understanding of the parties, the prices specified in the contract should regulate the compensation for this labor; but if not, the plaintiff is entitled to recover what the labor was actually worth. Such also must be the allowance to him for all the extra labor which he performed for the defendants.