By the Court,

Nelson, J.
The plaintiffs can be in no better situation in respect to this lumber than Cutting would have been had he brought the suit; and if he could not sustain the action, they cannot. It is well settled that Myriek at common law would be entitled to a lien upon the lumber in question, both for the labor and expenses bestowed in sawing the logs into boards, and for transporting them as a carrier to market, had there been no special agreement in the case; 4 Wendell, 296; 4 Carr. & Payn. 15; 2 Kent’s Comm. 634; and until such lien was discharged, an action of trover would not lie. 6 Wendell, 608, 9.
* Could Cutting, then, set up the special agreement between him and Myriek, and which he had failed to perform in points most essential to the rights of the latter under it, in destruction of this common law lien ? I think not. This right of the artizan or manufacturer is just and equitable, and is favored in the law. 3 Bos. & Pul. 492, per Heath, J. and cases above cited. Cutting having failed to comply with those parts or stipulations of the contract chiefly advantageous to Myriek, and which constituted in part the consideration for his engagements, it would be unreasonable to hold Myriek to a strict performance, and there is no principle of the law which requires it. Upon the well settled doctrine of this court, he would be justified in considering the agreement as rescinded, and might recover a compensation for his labor and expenses upon *81 the quantum, meruit, 4 Wendell, 285 ; and if so, I am unable to discover any good reason against his disregarding the agreement, and falling back upon his common law rights in reference to other remedies, which in the above view would belong to him.
I have used the name of Myrick instead of the defendants, because the case was so put to the judge in the offer of evidence made and rejected ; and though it appears that the defendants said, when the lumber was demanded of them, that they had bought it of Myrick, the counsel for the defendants, on the argument, stated that the fact was not so, and if the judge had not decided against them, assuming that Myrick had not parted with the property by sale, they would have disproved it. This is probably the truth of the case, so far as the trial is concerned ; for it cannot be pretended that the defendants could hold the property by virtue of a sale from Myrick. His lien gave him no such power over it, and the very act would be a waiver or forfeiture of his lien. The property might have been delivered to the defendants for safe keeping, or in a way compatible with the continuance of the lien, 7 Cowen, 680. On this ground alone I think a new trial should be granted.