## HOLLINSEAD *vs.* MACTIER.

Where a carpenter agrees to build a house according to a certain plan for a specific sum, and the plan is abandoned so that it is *impossible to trace the contract* in the work done, the measure of compensation is the value of the work, as if no contract had been entered into. *It seems,* however, that in a case like this, so far as the work was done according to the special contract, the compensation would be regulated by the contract.

MOTION to set aside a report of referees. The plaintiff, a house carpenter, contracted to build a house for the defendant, upon the plan of a certain house agreed upon between the parties as a *pattern,* for the sum of $3400. In the progress of the work, a variety of variations from the pattern house were made, and when the house was finished, the defendant had paid to the plaintiff about $4400 on account. The plaintiff claimed $600 besides, and brought his action, declaring upon the *common counts* for work, labor and services, and materials found. The cause was heard before referees, and the plaintiff proved by experienced workmen, that the house built by him was worth $5000, according to the best estimate they could form of the work and materials, and that the *pattern house* was not worth to exceed $3800 They further testified, that the two houses were so dissimilar that the house built by the plaintiff could not be considered as built according to the pattern of the other house. The referees reported the sum of $547,$\frac{32}{100}$ in favor of the plaintiff. The defendant moved to set aside the report.

*R. Lockwood,* for the defendant.

*I. L. Wendell,* for the plaintiff.

*By the Court,* SAVAGE, Ch. J. The principal objection to the report is, that the plaintiff did not prove his demand otherwise than by estimates. His proof consisted of examinations of the house by experienced master builders, and estimates by them of the value of the work and materials. This

was competent testimony, and in this case entirely satisfacto- ry. In *Pepper* v. *Burland, Peake's N. P.* 103, Lord Ken- yon said, if a man contracts to work by a certain plan, and that plan is so entirely abandoned that it is impossible to trace the contract and say to what part of the work it shall be ap- plied, in such case the workman shall be permitted to charge for the whole work done by measure and value, as if no con- tract at all had ever been made; but so far as the work was done according to the special contract, the price shall be regulated by the contract. The rule thus laid down by Lord Kenyon was adopted by this court in *Dubois* v. *The Dela- ware & Hudson Canal Campany,* 4 *Wendell,* 289, and according to it the report of the referees is right.