Reese, J.
delivered the opinion of the court.
The defendant in error brought an action of assumpsit against the plaintiff in error. The declaration contains a count on an indebitatus assumpsit, and on a quantum valebat, and counts upon a special agreement. The defendant below, was a plough *60 manufacturer near Memphis, the plaintiffs manufacturers of iron at Cumberland furnace, and the special agreement was to deliver to the defendant in successive years a specified quantity of castings, of a description adapted to the construction of ploughs, for which defendant was to pay a specified price. After the delivery of 59,565 lbs. of these castings, the plaintiffs failed to deliver any more; and of the quantity so delivered, a considerable portion was of inferior material, and greatly deficient in reference to the purpose for which they were purchased, and therefore the contract between the parties was rescinded. Under these circumstances, two principal questions arise, and have been discussed before us. First, as to the right of the plaintiffs, to maintain their action, they not having performed their part of the agreement. Secondly, as to the nature and extent of the defendant’s right to abate the amount of plaintiffs recovery by reason of their non-performance of the agreement on their part. That under the circumstances in which the plaintiffs present themselves, they can maintain this action, is now well settled, and has not been very seriously controverted. So early in this state as 1823, in the case of Stump vs. Estill, Peck’s Rep. 175, the principle was applied which relaxes the ancient rule, that prevented a party, not fully performing his part of a special agreement from recovering for the whole value of labor performed beneficially, or materials furnished usefully for the other party. In the case of Elliott vs. Wilkerson, 8 Yerg. 410, the case of Stump vs. Estill, received the sanction of the court, and the principiéis regarded as now well settled in England and America, that after the rescisión and abandonment of a special agreement, compensation for partial performance may be recovered, equal to, and limited by, the value and extent of the benefit conferred. And, therefore, the defendant, in such action, in the second place is entitled, by the very statement of the principle with its proper limitation, to abate the recovery of the plaintiffby the damages he has sustained on account of the non-performance of the plaintiffs’ portion of the agreement. For the plaintiff himself being entitled to recover, not on the ground of his performance of the special agreement, but for valuable materials furnished, or beneficial services rend *61 ered, and only to the extent of benefit conferred on the defendant, the defendant must be entitled in abatement, and in ascertaining the extent of such benefit, to such damages as in a cross action by him against the plaintiff, he ought to recover for the non-performance by the other of his portion of the agreement. The court in the case before us, charged the jury that the plaintiffs were entitled to recover the value of the castings, and if the castings were valueless to the defendant, as plough castings, still the plaintiffs were entitled to recover their value for any other purpose, as scrap iron or the like. “But the court also charged the jury, that in making up their verdict, they could not consider the loss or damage or expense, that the defendant had incurred in consequence of the failure of the plaintiffs to perform their part of the contract. That the defendant could only avail himself of such loss, damages or expense in a cross action against the plaintiffs.”
From what has already been said, it is seen that we must regard the latter part of this charge as erroneous, for the defendant was entitled to insist in abatement upon just such damages as in a cross action he would have been entitled to recover. But the damages claimed by the defendant, upon the facts proved in the case, or sought to be proved by the portions of a deposition set out in the record, which were rejected by the court, were not such damages as the defendant in across action would have been entitled to recover; they were for delay in business, for injury to his reputation, for speculative profits, for expense incurred in trips to the Cumberland furnace; and therefore, although the rule laid down by the court was erroneous, still as no proof was made in the case, or, in the deposition referred to, was offered to be made, which in a cross action would have constituted a proper ground fgr a recovery, we do not feel called upon to reverse the judgment upon the mere ground of this abstract error in the charge. But the bill of exceptions in another part of it, states that the defendant offered to prove the amount of damages he had sustained by reason of the inferiority of, the castings furnished by plaintiffs, and the failure on their part to perform the contract; the expense he had been put to to procure other castings, especially points, in the place of *62 those furnished by the plaintiffs, and which was refused by the court. Now, if before the rescisión of the contract, the defendant, in order to supply omissions or defects, had to procure points or other castings at a higher price, it would constitute a just ground of abatement. It may be that, no other or different testimony than that contained in the deposition referred to, was offered or rejected, and that the statement quoted may be re-capitulatory of that rejection; if this be so, it is to be regretted, as the verdict in that case, is probably right. But the statement is general, and describes a character of evidence proper to have been heard and considered of by the jury, if it related to transactions prior to the rescisión of the contract.
We are therefore, and for this reason, constrained to reverse the judgment. In support of the principal question decided in the present case, we particularly refer to the case of Blanchard vs. Ely, 21 Wendel’s Rep. 342.
NOTE. — 1. Where one has made a special agreement to perform work for another* and furnish materials, and the work is done, and the materials furnished, but not in the manner stipulated in the contract, yet if the materials ave ot any value or benefit to the other party,he is answerable to the amount which he is benefited.
Norris vs. School District, 13 Fairf. 293. Hollinghead vs. Mactier, 13 Wend. 276.
2. Where one of the parties has departed from a special contract for the delivery of specific articles, the other may treat it as rescinded. Goodrich vs. Lofftin, J Pick. 57.
3. If a party, who is to pay for work and labor in pursuance of a special contract, be delinquent in the advancement of funds, the other party may take advantage of the omission by declaring the contract at an end. But if he treats the contract as still subsisting, he thereby waives the consequences of such default, and cannot afterwards alledge the recission of the contract by the defendant and recover on a quantum meruit, Shaw vs. Lewistown Turnpike Co., 3 Penn. 445.