## Camp *vs.* Pulver.

Where a party who has delivered personal property in part payment for land pur-chased, pursuant to a special agreement, is entitled to rescind it for the fraud of the other party, and to bring assumpsit for the property as for goods sold, the rule of damages is the actual value of the property, and not the price fixed upon it in the agreement.

Motion to set aside the report of referees. The action was assumpsit for goods, &c. sold and delivered. Plea, non-assumpsit.

The plaintiff gave in evidence an agreement in writing, un-der seal, between himself and the defendant, by which the latter agreed to sell to the former a farm in Ghent, Columbia county, and to execute to him a good and sufficient quit-claim deed therefor, with a covenant against the defendant's own acts ; in consideration of which the plaintiff agreed to sell and convey to the defendant certain lands in Michigan. The price per acre of the several parcels of land was fixed by the agreement, and as there would be a large balance payable to the defendant for the farm sold by him, the plaintiff agreed to sell and did thereby sell to the defendant a quantity of wheat which the plaintiff then had stored with one Mellen at Hudson, which the defendant was to take at 94 cents per bushel, and he was also to take certain flour barrels owned by the plaintiff and another person, at certain prices specified in the agreement—the wheat to be measured to the defendant as he should call for it. The plaintiff was to assume certain mortgages upon the premises which the defendant was to convey to him, and to secure the balance of the purchase money by his bond and a mortgage on the farm. The agreement was dated October 24, 1842, and the conveyance and bond and mortgage were to be executed on the 15th day of December then next, before which day all the wheat was to be delivered. At the foot of the agreement the plaintiff and another person signed an undertaking to the defendant respecting the quality of the wheat, to the effect that

Camp v. Pulver.

if mixed with four parts of sound and perfect wheat to one part of the wheat in question it would make superfine flour. Pursuant to the agreement a large quantity of the wheat referred to and of the barrels was delivered to the defendant prior to the 15th of December; and on or about that day the defendant offered to execute the conveyance of the farm; but the plaintiff, alleging that he had been deceived and defrauded in the bargain, refused to perform on his part, and demanded the wheat which had been delivered on the agreement, which was refused. The action was sought to be maintained on the alleged ground that the defendant had committed a fraud upon the plaintiff, by representing the title of the farm, which was known to be held under a lease in fee from one Van Rensselaer, to be good, whereas by the provisions of the lease it was subject to be forfeited for alienation without license, for non-payment of quarter sales, and for cutting down timber, and had been actually forfeited when the agreement was executed, for breaches of these conditions. After evidence on both sides touching the alleged fraud, the defendant offered to show that the wheat in question would not answer the terms of the guarantee at the foot of the agreement, and was not worth over fifty cents per bushel. The plaintiff's counsel objected to this evidence and the referees sustained the objection and excluded it. Many other questions arose and were decided by the referees, who ultimately reported in favor of the plaintiff for the value of the property delivered on the contract, at the prices fixed thereon, with interest.

*A. L. Jordan*, for the defendant, among other points insisted that the referees erred in excluding the evidence offered respecting the value of the wheat.

*H. Hogeboom*, for the plaintiff.

*By the Court*, McKissock, J. The defendant should have been permitted to show the value of the wheat; and the true value and not the contract price was the proper measure of damages. The recovery was governed by the same principles

which apply to the *quantum valebant* count in assumpsit for goods sold. The contract upon which the suit was founded was an implied one—to recover for the property delivered under the circumstances, what it was reasonably worth. In certain cases, it is true, it has been held that the prices specified in a contract which has been rescinded must govern as far as practicable. (*Dubois* v. *Delaware and Hudson Canal Company,* 4 *Wend.* 285; *Koon* v. *Greenman,* 7 *id.* 121.) These, however, were actions for work and labor done in part performance of contracts by which the work was to be paid for in money, the whole matter being entirely simple, consisting of but two parts, the work to be done and the money to be paid as its equivalent. The rule adopted was the most simple that could be devised, and the court could see that no injustice would be done by adopting it. In the present case the contract is complex, relating to various subjects, and on each parcel of property to be sold it is probable that the parties set a relative instead of a positive value. It would therefore be improper to apply the rule of the cases referred to to the present one. Suppose instead of the wheat in question, the plaintiff had transferred to the defendant a promissory note as so much cash; would not the defendant have been allowed, in an action for money had and received, to have shown the value of the note? In the case under consideration the plaintiff might have brought trover instead of assumpsit. (*Cary* v. *Hotailing,* 1 *Hill,* 311; *Bigelow* v. *Heaton,* 6 *id.* 43.) In such an action the damages would have been the value of the article and the interest, and if the same rule does not apply here, the case is one in which the measure of damages for the same injury depends upon the form in which the remedy is sought. Besides, the contract was accompanied with a guarantee of the quality, and the rule is now well settled that a breach of warranty may be given in evidence in reduction of the price of the article sold. The report must be set aside.