STEWART v. CRAIG et al.

Where a special contract for work stipulated that payment could be made half in cash and half in goods, and when payment was refused by defendant after he accepted the work, held that plaintiffs might sue as on a money contract.

Plaintiffs may recover on indebitatis, and common counts in assumpsit for for work and labor performed under a special contract, when the stipulations of the contract were so materially departed from under defendant's directions, that it could not be sued on specially.

ERROR to Lee District Court.

Opinion by GREENE, J. This was an action of assumpsit for work done under a special contract. Plea general issue and set-off. Verdict and judgment in favor of the plaintiffs below.

On the trial the defendant below requested the court to instruct the jury that unless they find from the evidence that the written contract has been abandoned, the plaintiff cannot recover in this action any thing more than for the extra work they may have performed for the defendant. It is objected that the court erred in refusing this instruction and in directing the jury that if they were satisfied that the plaintiffs had executed the contract, and if the evidence was otherwise sufficient, they could recover under this form of action.

It appears that the work under the direction of the defendant below, was not performed within the time and stipulations of the contract; still it was accepted by the defendant. The declaration is not upon the contract specially; it is in indebitatis assumpsit, with several common counts, and it is objected that plaintiffs could not recover on the contract under such a declaration, because under the contract the work was to be paid for, partly in money and partly in property. Greenl. Ev., §§ 78, 103, and 104.

35

But from the record, it must be presumed that the defendant refused payment of the property as well as the money, and therefore the plaintiffs were entitled to recover the entire amount in money. It became a cash demand by the refusal and neglect of defendant to furnish the property, and could be sued and declared on accordingly. *Wiley* v. *Shoemak*, 2 G. Greene, 205. In *Payne* v. *Couch*, 1 G. Greene, 64, it was held that a note payable in property is admissible in evidence under the common or money counts; Morris, 187; 4 Wend., 285, 575; 2 McLean, 218; 7 Wend., 311; 4 Con., 560.

There is nothing in the record of this case that would seem to render the instruction necessary or applicable to the evidence and pleadings. Nothing to show that the validity of work performed under the written contract could not be recovered under the common counts, nothing to show that the court was not justified in regarding the balance due as a money demand, and consequently is no error disclosed by the refusal to give the instruction asked, and by giving the instruction as modified.

Had the work been performed according to the stipulations of the contract, it should have been declared on specially, but as there was a material departure from that contract by defendant's direction, the plaintiffs were prevented from performing according to its stipulations, and as they consequently had no direct remedy on the contract itself they might sue in *indebitatis assumpsit*, and introduce the contract as evidence to regulate the amount to be paid, so far as it could be made applicable to the work performed. 4 Con., 560.

Judgment affirmed.

*Reeves* and *Miller*, for plaintiff in error.

*J. C. Hall* and *C. H. Phelps*, for defendant.