JOHN M. ERVING v. CHRISTOPHER INGRAM.

1. A state of demand for work and labor, must show *by whom* the services were performed.

2. In a hiring for a year, the service is a condition precedent to the right to recover the compensation agreed on, unless the party hired can show a justifiable cause for abandoning the contract.

3. Where *ill usage* is set up by way of justification, its sufficiency is a question for the jury, under proper instructions from the court.

Erving v. Ingram.

On *certiorari* to the Common Pleas of Somerset, argued before OGDEN and POTTS, Justices, by Mr. *W. L. Dayton*, for plaintiff in *certiorari*, and Mr. *Ransom* for defendant.

POTTS, J.   Ingram brought an action of debt against Erving in a justice's court to recover for work and labor.

The demand as set out, was for "forty dollars due him for work and labor done for defendant; commencing March 6, 1851, and ending 14th July, 1851, making the term of service four months eight days, at the rate of $9 per month, *per agreement*," without stating *by whom* the labor was performed.

The defendant pleaded that he owed the plaintiff nothing, but that the defendant was indebted to him on an account set out, amounting to $7.91.

The jury found a verdict for the defendant, whereupon the plaintiff appealed, and on the trial of the appeal before the Common Pleas, the appellee moved to dismiss the appeal, on the ground that the state of demand was not sufficient, which was refused; and the jury having heard the evidence, and the charge of the court, found a verdict for the appellant for the amount of his claim, less the offset, and the court gave judgment accordingly.   This judgment is brought here by *certiorari*.

It was in evidence on the trial that the agreement mentioned in the state of demand was, that Ingram was to work for Erving *one year* for $108.   That neither party at the time the agreement was made, was willing that the hiring should be for less than one year; and that Ingram had left at the end of four months and eight days, on the ground of alleged ill usage.

The court charged the jury.   "That although the appellant, Ingram, had *not* proved the contract set forth in the state of demand, yet if *they considered the fact of ill usage made out*, he was entitled, under the state of demand, to recover compensation for the time which he had proved he had actually worked for the appellee."

The state of demand does not set out a legal cause of ac-

tion. It does not state by whom the work and labor was performed. This was necessary to show *how* the plaintiff claims to be entitled to the money. It does not follow because work and labor was done for the defendant, that therefore he was indebted to the plaintiff for its value. Though it is not necessary that a state of demand in a justice's court should be drawn with technical formality, yet it must show on its face a legal cause of action. *Davis* v. *Stewart*, 1 *Penn.* 331; *Coulter* v. *Wood*, 2 *Penn.* 615; *Clark* v. *Zane*, 2 *Penn.* 982. And it must be so certain, that as matter of record it may be pleaded in another action for the same cause. *Leary* v. *Van Dyke*, 1 *Penn.* 370. A demand for damages for detaining a schooner from sailing, was held bad, because it did not show *how* the plaintiff was entitled to damages for that act. *Austin* v. *Townsend*, 2 *Penn.* 744. A demand for repairs done to a tan yard, was held bad, because it did not show *how* the defendant was liable for the repairs. *Stretch* v. *Forsyth*, 2 *Penn.* 713. A demand for use and occupation was held bad for not showing *how* the plaintiff was entitled to the rent. *Folwell* v. *Ford*, 7 *Hal.* 68. In the case of *Righter* v. *Spear*, 3 *Green* 169, the demand which was for work and labor, was held good; but though the fact does not appear in the report, the demand there, did state that the work was done *by* the plaintiff *for* the defendant.

But besides this, the charge of the court was wrong. Admitting, as is contended by the counsel of Ingram, that the words "per agreement" in the state of demand may be treated as surplusage; yet the evidence showed the case of a hiring for a year, and an abandonment of the agreement by the plaintiff at the end of four months and eight days; and therefore the plaintiff was bound to show that he was entitled to recover on the *quantum meruit*, notwithstanding the abandonment.

It is very clear that where A and B agree, the one to work for the other for a year, at a stipulated price, and A quits B's service within the year, against his consent, he cannot recover; because the service is a condition precedent,

and to be performed before an action can be maintained for the stipulated compensation. *Stark* v. *Parker*, 2 *Pick*. 267 ; *McMillan* v. *Vanderlip*, 12 *Johns.* 165 ; *Jennings* v. *Camp*, 13 *Johns.* 94 ; *Thorp* v. *White et al.*, 13 *Johns.* 53 ; *Reab* v. *Moore*, 19 *Johns.* 337 ; *Lantry* v. *Parks*, 8 *Cowen* 63 ; *Stephens* v. *Baird*, 4 *Wend.* 604 ; *Faxon* v. *Mansfield*, 2 *Mass.* 147.

Exceptions to this general rule are :

1. When the party employed is justified in abandoning the agreement by some *fault* of the party employing him. See the above cited cases.

2. When the employer, by any act of his, renders it *impossible* for the party employed to complete the contract. *Dubois* v. *Del. & Hudson Canal Co.*, 4 *Wend.* 285.

3. When work is done under a special agreement, but not according to contract, and the party for which it is done accepts it, or has the benefit of it, as in the case of building contracts, &c. *Bull. N. P.*, 139 ; *Linningdale* v. *Livingston*, 10 *Johns.* 36 ; 4 *Wend.* 285 ; *Wadleigh* v. *Sutton*, 6 *New Hamp.* 15 ; *Hayward* v. *Leonard*, 7 *Pick.* 180 ; *Smith* v. *Congregational meeting house*, 8 *Pick.* 177.

Now, here the plaintiff abandoned the agreement, and claims compensation for the time he worked. To entitle him to recover he must show that his case is within one of the exceptions to the general rule. He must show a justification for the abandonment, and thus destroy the force and effect of the condition precedent. He set up *ill usage* on the part of his employer. Whether that was *such* as to justify him in violating his agreement, was a question which should have been left to the jury.

But the court expressly charged the jury that if they believed *the fact of ill usage* made out, he was entitled to recover. Whereas, the jury should have been instructed that if, upon the evidence produced, they should be of opinion that the conduct of the defendant towards the plaintiff was such as to justify the plaintiff in leaving his service and treating the contract as at an end, then the plaintiff was

entitled to recover for the value of the services he had rendered, but not otherwise.

The question, what is such ill usage as will justify an abandonment by either party, of an agreement of this kind, is one which should be left to the sound sense and discretion of the jury, under proper instruction as to the law.

Let the judgment be reversed.

OGDEN, J., concurred.