## WILLIAM BARTLETT *vs.* ALFRED BLANCHARD & others.

The measure of damages for the breach of a contract to sell and deliver goods at a certain time is the value of the goods at that time, deducting the contract price; and no further damages can be recovered, if it does not appear that the use to which they were to be applied was known to the seller.

Hoar, J.   The plaintiff sues upon the account annexed to his declaration, to recover the price of certain timber sold by

him to the defendants. The defendants answer that by a special contract the timber was to have been delivered in the autumn of 1853, and that it was not delivered till January 1854; and offer to show, in mitigation of damages, that they had employed a number of men to build a vessel from the timber to be delivered, and that, from the failure of the plaintiff to perform his contract, these men were obliged to remain idle for a considerable time, and afterward to work at a more expensive rate; that, by reason of the coldness of the weather and the shortness of the days, it cost more to build the vessel at the season when the timber was delivered and the vessel was built, than at the time when it was agreed to be delivered; that the cost of unloading the vessels in which the timber was delivered was greater than it would have been at an earlier season, and that some of it was actually lost. The presiding judge, at the trial in the court of common pleas, excluded the evidence, and we are of opinion that his decision was correct.

The ordinary measure of damages for breach of a contract to sell and deliver goods is the value of the goods at the time at which it was agreed that they should be delivered, deducting whatever may not have been paid of the contract price. This is the established rule in this commonwealth. *Shaw* v. *Nudd*, 8 Pick. 9. To support any further claim for damages, it must appear that some other element of damage was included in the nature or terms of the contract. *Batchelder* v. *Sturgis*, 3 Cush. 204. All the cases upon which the defendants' counsel relies are cases where the particular purpose for which the goods were to be furnished appeared by the contract, and constituted a part of the intention of the parties in making it. But by the exceptions, or the pleadings, in this case, it does not appear that the contract was to deliver the timber at any specific place, or for any specific purpose. It does not even appear that it was agreed to be delivered from vessels, or from wagons. There is nothing to show that any peculiar use to which the defendants might wish to apply it was ever in the contemplation of the plaintiff. The defendants could make such use of the timber when they had it, as they pleased. There is nothing to show

that it was expedient for them to build the vessel with it when it was delivered. The use which they made of it appears to have been a matter of their own choice, with which the plaintiff had no concern or connection. *Exceptions overruled.*

*F. Chamberlin,* for the defendants, cited *Griffin* v. *Colver,* 16 N. Y. 489; *Dubois* v. *Delaware & Hudson Canal,* 4 Wend. 285; *Masterton* v. *Brooklyn,* 7 Hill, 61; *McAfee* v. *Crofford,* 13 How. 447; *Hayward* v. *Leonard,* 7 Pick. 185; *Snow* v. *Ware,* 13 Met. 42; *Button* v. *Turner,* 6 N. H. 497; *Koon* v. *Greenman,* 7 Wend. 123; *Perley* v. *Balch,* 23 Pick. 286, 287; *White* v. *Moseley,* 8 Pick. 359; 1 Greenl. Ev. § 254; *Bartlett* v. *Greenleaf,* 11 Gray.

*J. Wells,* for the plaintiff.