## COURT OF APPEALS.

ALBERT HOSLEY, respondent agt. JAMES W. BLACK and
WILLIAM B. GARDINER, trustees of school district No. 12
in the towns of Almond and Hornellsville, appellants.

Although the technical rule is, that under a complaint setting out a contract, and
averring its performance by the plaintiff, *evidence in excuse for non-performance
is not admissible,* yet, under the Code, the plaintiff may *amend his complaint,*
and then give the evidence.

The old count of *indebitatus assumpsit* for work and labor was always sufficient to
authorize a recovery for work and labor performed *under a contract not under
seal ;* and the Code has not changed the former rule of pleading, that a party
who has *wholly performed a special contract* on his part, may count upon the
*implied assumpsit* of the other party to pay the stipulated price, and is not bound
to declare specially *upon the agreement.*

Where a complaint shows upon its face that the action was brought against *two
trustess,* the objection that a *third trustee* should have been made a defendant *is
waived,* if not taken by *demurrer or answer.*

The rule is, if an *offer of evidence* contains *any matter not admissible* as evidence,
the *whole may be rejected.*

Where the *contract* declared on is *in writing,* no *condition* can be engrafted upon it
by *parol evidence.*

*Argued June Term,* 1863; *decided October,* 1863.

THIS action was brought to recover for nine months' ser-
vices, rendered by plaintiff (his wife assisting him) in
teaching a school, in school district No. 12, in the towns
of Almond and Hornellsville, at the prices of fifty dollars
per month for the first three months, and sixty dollars per
month for the last six months. . It was tried at the Alle-
gany circuit in March, 1858, when the plaintiff proved that
he first taught the school thirteen weeks (his wife acting
as assistant teacher), commencing April 21, 1855, not open-
ing the school, however, on any Saturday except the first,
at the price, verbally agreed upon, of $50 per month, and
that he then closed the school for a vacation, and made
out a rate bill for that term for the trustees, and at their
request; that he (his wife acting as assistant) taught the
school six months more, at $60 per month, pursuant to an

agreement in writing, signed by the trustees. He commenced the last six months on the first of September, 1856, and kept the school twenty-six weeks, Saturdays excepted. He gave evidence which authorized the conclusion that the trustees consented that his time should go on, counting Saturdays, though he did not open the school on those days. This evidence was objected to by the defendants on the ground that it was not competent to show a waiver of the performance of the contract under the allegations of the complaint. But the judge overruled the objection (the complaint containing the common counts), and the defendants' counsel excepted.

It appeared that the plaintiff's wife was absent Monday mornings, washing until ten or eleven o'clock in the forenoon, and " a few days while sick;" that the plaintiff himself was absent one day, attending a Buchanan mass meeting, and two days before the board of supervisors as a candidate for county commissioner of common schools, his wife keeping the school in his absence.

The defendants and one Osgood were trustees of the school district (as appeared by the testimony of the latter) until the last Tuesday of September, 1856, when Washington Richardson succeeded Osgood as trustee. But at the time the action was commenced, Richardson had moved to the state of Ohio, and the defendants were then the trustees of the district.

. The non-joinder of Richardson as a defendant in the action was not set up in the answer; nor was any objection taken in the answer that two trustees were sued alone, without the presence of a third one.

When the plaintiff rested, the defendants moved for a nonsuit, on the ground that the plaintiff had failed to fulfill his agreement to teach either the first three months or the last six months; and also " demanded a dismissal of the action on the ground that Thomas Richardson, the present trustee in the district, should be brought in as defendant."

The judge denied the motion, and the defendants' counsel excepted.

No evidence was given that Thomas Richardson was a trustee of the district; and the case does not show that the plaintiff conceded that he was a trustee.

The plaintiff testified, on his cross-examination, that the verbal agreement to teach the school the first three months was made about the 15th day of April, 1856; that after it was made, and before he commenced the school, a subscription paper was circulated by him and others about the district; which paper was as follows:

" Whereas it is necessary that a district school should be supported in school district number 12, in Almond village, the ensuing summer; and whereas the trustees of said district propose to employ A. Hosley and a competent assistant to teach said school, for three months, at $50 per month for said teacher and assistant, applying the remainder of the public moneys in payment thereof—remainder by rate bill; and whereas it is apprehended their attendance at said school may cause the said rate bill to be unreasonably onerous upon those who send regularly during said term;—now, therefore, we, the undersigned, inhabitants of said district, in consideration of the establishment of said school and the signing of this instrument, hereby agree with said trustees and with each other, that the rate bill may be made out against us for the regular daily attendance of the number of scholars, set by us opposite each of our respective names, during the whole of said term. This agreement to be of no effect unless scholars to the number of eighty be subscribed to this agreement. Dated April 20th, 1856. Names. Scholars."

This agreement was signed by different inhabitants of the district; but only sixty-four scholars were subscribed for.

The defendants, under allegations in their answer, first offered to prove that the plaintiff admitted that he was not to have the school and no school was to commence

until eighty scholars were signed to the written agreement for scholars circulated by him; that the terms of a scholar should not be over $1.25 for said first term of three months; that he represented to each one of the patrons of the school, that such should be the price; there was to be no school until eighty scholars were signed; that in order to ·commence his school he had himself signed and would be responsible for eleven scholars to make up the number; that he stated to others, while circulating the agreement, they need only to sign and he would clear them from any liability for the said subscription; that he only desired their names so as to induce others to sign.

The case states, that " to each and every of which propositions, and each part thereof, the plaintiff objected sev--erally, and each of said objections was sustained, and the defendants duly and severally excepted to said rulings and each of them."

The defendants secondly offered to show that it was a condition of the contract for the last six months that the teacher should keep up the school to eighty scholars for the first three months, and that by reason of plaintiff's representation that the scholars attending had averaged eighty for the first three months, the trustees were induced to sign the written agreement to employ him for six months, and that in fact the number of scholars during three months was but thirty. This evidence was objected to by the plaintiff's counsel, and excluded; and the defendants' counsel excepted.

The defendants' third offer was to prove that the said rate bill amounted to three dollars per scholar; that the plaintiff, in conversation with each of the patrons of the school, inquired of by them as to the reason of their being compelled to pay $3 instead of $1.25 per scholar, as stated by him to them before the commencement of his second term, stated to them and each of them that when he procured their support to· the school and signature to said

paper for that purpose, that he did not intend to regard the same or carry out his said promises, but to induce them to support said school by any means whatever; that he intended to deceive them; that he intended to be smart enough for the citizens of Almond, and meant to get them tight; that he had got their written contract, and they might help themselves; that all he intended was to get them fast, and he had got them; that the plaintiff, when called upon in public school meeting in relation thereto, made each of the above statements publicly to the patrons of said school; that in consequence of the conduct and language used by the plaintiff in relation to said inhabitants, they refused to send to said last term of said school, and thereby said school was of no benefit or advantage to said district; that each of said trustees, at the end of the plaintiff's first month, offered him payment for the time taught, and fifty dollars besides, if he would discontinue the school; that he then stated to them and each of them that he was going according to law, and asked no odds of them.

The case states, that to each and every of which propositions, and to every part thereof, the plaintiff objected; that the judge sustained the objections, and the defendants excepted to each of said rulings.

The counsel for both parties concurred that there was no question of fact for the jury, except as to the performance of the agreement, or no conflict of evidence as to that; and the defendants' counsel waived the right to submit that question to the jury, and the parties agreed that $404.38 was the amount remaining unpaid according to the agreement respecting the plaintiff's compensation; and the judge directed a verdict for that sum in favor of the plaintiff. To which direction the defendants' counsel excepted.

The defendants' counsel made a case containing the exceptions, on which he moved for a new trial at a general term of the supreme court in the eighth district; which

motion was denied, and judgment was there rendered against the defendants for the amount of the verdict, with costs. The defendants appealed from the judgment to this court.

The case was submitted upon printed points and briefs.

JOHN K. PORTER, *for respondent.*

M. H. WYGANT and E. PESHINE SMITH, *for appellants.*

BALCOM, J. The objection to the evidence given by the plaintiff, to show that the defendants consented that Saturdays should be counted in ascertaining the length of time the plaintiff taught the school, was placed upon the ground that it was not competent to show a variance of the performance of the contract to teach the school, under the allegations of the complaint.

The technical rule undoubtedly is, that under a complaint setting out a contract and averring its performance by the plaintiff, evidence in excuse for non-performance is not admissible. (*Oakley* agt. *Morton*, 1 *Kern.* 25.) But this rule is of very little consequence ; for the plaintiff may amend his complaint and then give the evidence. (*Code*, § 173 ; *Dauchy* agt. *Tyler*, 15 *How. Pr. R.* 399.) It is true, that he must submit to such terms " as may be proper ;" but terms are not often imposed, for they are seldom necessary in the furtherance of justice.

In this case no amendment of the complaint was necessary to entitle the plaintiff to give the evidence excusing him from opening the school on Saturdays. The complaint contains seven distinct claims or counts, three of which are similar in substance to the count of *indebitatus assumpsit* for work and labor, used prior to the Code of Procedure. That count always was sufficient to authorize a recovery for work and labor performed under a contract not under seal, unless the party performing the work and labor had failed to fulfill the contract. (4 *Wend.* 285 ; 11 *id.* 479 ; 22

*id.* 576 ; 1 *Cow. Tr. 2d ed.* 124 ; 2 *id.* 635 *and* 1128.) This court held, in *Farron* agt. *Sherwood* (17 *N. Y. R.* 227), that the Code has not changed the former rule of pleading ; that a party who has wholly performed a special contract on his part may count upon the implied assumpsit of the other party to pay the stipulated price, and is not bound to declare specially upon the agreement. The same rule was held in the following cases : *Allen* agt. *Patterson* (3 *Seld.* 476) ; *Keteltas* agt. *Myers* (19 *N. Y. R.* 231) ; *Moffet* agt. *Sackett* (18 *id.* 522).

The plaintiff taught the school thirteen weeks for the first three months, and twenty-six weeks for the last six months. This was time enough to make the two terms, construing the word month to mean a calendar and not a lunar month, as the statute seems to require. (1 *R. S.* 606, § 4.) The fact that the plaintiff's wife was absent Monday mornings washing till ten or eleven o'clock in the forenoon, and a few days while sick, and that the plaintiff himself was absent one day attending a Buchanan mass meeting, and two days before the board of supervisors as a candidate for county commissioner of schools, his wife keeping the school in his absence, was not a substantial breach, by the plaintiff, of the contract to teach either three months or six. This was a trifling matter. The school was kept during the time either the plaintiff·or his wife was absent. Both were not away at the same time, and the attention of the judge was not particularly called to these absences at the trial ; nor was it shown during which term they occurred. I am therefore of the opinion the judge was right in holding that the plaintiff performed the contracts on his part.

The defendants were the only trustees of the school district at the time the action was commenced ; and there was no evidence given that Thomas Richardson had become a third trustee at the time of the· trial, and it was not conceded by the plaintiff that he was such trustee.

The complaint showed upon the face thereof that the action was brought against only two trustees. But the defendants did not demur to it on that ground, or object in their answer on that ground to the plaintiff maintaining the action. The objection that a third trustee should have been made a defendant was therefore waived. (*Code*, § 144; *id.* 147.)

The first offer of evidence by the defendants embraced matters which were clearly inadmissible. That the plaintiff stated to others, while circulating the agreement in regard to the number of scholars, they need only to sign and he would clear them from liability for signing, and only desired their names so as to induce others to sign, was matter that did not concern the defendants. Every person who signed that agreement bound himself, if at all, according to the terms of it. But a sufficient number of scholars was not subscribed for, to make it operative. The representations therefore made to the persons who signed it were wholly immaterial to the defendants. And the rule is, if an offer contains any matter not admissible as evidence, the whole may be rejected.

The second offer contained the proposition that it was a condition of the contract for the last six months that the plaintiff should keep up the school to eighty scholars for the first three months. The contract for the last six months was in writing, and no such condition could be engrafted upon it by parol evidence.

The third and last offer contained this matter, namely: That each of the trustees, at the end of the plaintiff's first month, offered him payment for the time taught and fifty dollars besides, if he would discontinue the school. This certainly was not legal evidence against the plaintiff.

It is unnecessary to determine whether any portion of the matter contained in the three offers made by the defendants would have been admissible, if the same had been separately offered; for each offer, as we have seen, con-

tained matter which was not legal evidence against the plaintiff. And this is a sufficient reason for sustaining the decisions of the judge rejecting the whole of each offer.

I will add, that it does not appear by the case, nor was there any offer to prove, that the defendants did not know the number of scholars actually subscribed for upon the agreement of April 20th, 1856, at the time they made each of the contracts with the plaintiff to teach the school; and without ignorance on their part respecting the number of scholars actually subscribed for, no fraud could have been practiced on them by any false representations of the plaintiff as to the number so subscribed for.

My conclusion is, that no error was committed on the trial, and that the judgment of the supreme court in favor of the plaintiff should be affirmed, with costs.

DENIO, Ch. J., MARVIN, WRIGHT, DAVIES, ROSEKRANS and EMOTT concurred.

SELDEN, J., read an opinion for reversing the judgment and granting a new trial, in which he held that some of the evidence offered by defendants' counsel was improperly excluded. .

Judgment affirmed, with costs.