Nason Manufacturing Company, Respondent, *v.* Benjamin F. Stephens, Appellant.

Where, in an action upon a contract for work at a price fixed, plaintiff seeks to recover more than the contract price because of the neglect or omission of defendant to perform what he was bound to do under the contract, if it does not appear that the expense to the plaintiff was increased, the contract prices should be held conclusive between the parties.

The burden in such case is upon plaintiff to prove that, in consequence of the omission, the work was rendered more expensive, and also the amount of the increased costs, and plaintiff is entitled only to the increase.

Plaintiff entered into a contract with defendant to construct an extension to a water-tower or stand-pipe for a sum stated, the latter agreeing to maintain the water-level in the pipe at such height as plaintiff might desire, to enable its workmen to stand upon a float therein while performing their work. Defendant did not furnish the water-level and plaintiff was obliged to and did provide and use an outside scaffold. In an action upon the contract it appeared that if defendant had maintained the water-level as agreed, plaintiff would have been obliged to furnish the float for its men to stand on, which, as the diameter of the tower was rapidly reduced as the work progressed, it would have been called upon from time to time to change. It did not appear what this float would have cost, and no allowance was made therefor by the referee, who found that plaintiff was entitled to recover, in addition to the contract price, the amount expended in constructing the scaffold. *Held*, error; that plaintiff was only entitled to recover the excess of such expense, deducting what it would have cost to construct the float; and that the burden was upon it to prove that the expense was increased and the amount of the increase.

(Argued June 25, 1891; decided October 6, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order

made December 11, 1888, which affirmed a judgment in favor of the plaintiff entered upon the report of a referee.

This action was brought to recover $1,240 claimed to be due under a contract, and $846.75 for extra work thereunder.

On or about the 1st of July, 1883, the plaintiff entered into a contract with the defendant to construct for the latter an extension to the stand-pipe or water-tower of the Coney Island Water-works, at Gravesend, on Long Island, from the top of it, then seventy-two feet from the ground, to the additional height of forty feet in the manner and of the dimensions particularly specified, and complete it by the first day of August then next, for the sum of $1,240; and the defendant undertook to maintain the water-level in the pipe at such height as might be desired by the plaintiff for the convenience of its workmen. The plaintiff did not, within that time, proceed to the performance of the work; but afterwards the plaintiff caused the addition to the tower to be constructed, and the work done upon it was completed about the 1st of November, 1883. The referee found that the agreement of the parties was modified and the time for the completion of the work extended; but that the defendant declined to maintain the water-level in the tower at the height required by the plaintiff for its workmen; and that, as the consequence, the expense of $849.75 was incurred by the plaintiff in the construction of scaffolding on the outside of the tower to enable the plaintiff to perform the work; and for that sum, with interest, in addition to the contract price, the referee directed judgment for the plaintiff, less $175 allowed to the defendant by way of counter-claim for partial default of the plaintiff in the performance of the contract.

*Charles N. Morgan* for appellant. There was no evidence that any extra work was done by the plaintiff within the true meaning of the alleged agreement. (*Sickles* v. *Flanagan*, 79 N. Y. 224; Code Civ. Pro. § 993.) Where there has been a deviation from the original plan by consent of the parties, the estimate expressed in the original contract is not excluded, but

is to be the rule of payment so far as such original contract can be traced, and for the extra work the party is entitled to his *quantum meruit.* But this rule of payment based upon the original contract needs no modification where it does not appear that the extra work was more expensive to the plaintiff than was contemplated. (*Dubois* v. *D. & H. C. Co.*, 4 Wend. 292; *Koon* v. *Greenman*, 7 id. 121; Sedgwick on Dam. 221, 222; *Hollinsead* v. *Mactier*, 13 Wend. 275; *Dermott* v. *Jones*, 2 Wall. 1.)

*Theodore F. Miller* for respondent. The law of this state authorizes a recovery in case of substantial (not literal) performance, leaving defendant to offset and counter-claim any damage he may be able to establish for breach of any covenant or provision which he claims has not been literally fulfilled. (*Smith* v. *Brady*, 17 N. Y. 173; *Glacius* v. *Black*, 50 id. 145; *Flood* v. *Mitchell*, 68 id. 507; *Woodward* v. *Fuller*, 30 id. 312; *Heckmann* v. *Pinkney*, 81 id. 211; *Nolan* v. *Whitney*, 88 id. 648.) This court will not review the facts upon conflicting evidence, where there is any evidence to support the findings. (Code Civ. Pro. § 1337; *Wright* v. *Hunter*, 46 N. Y. 409; *Vermilyea* v. *Palmer*, 52 id. 471; *In re Ross*, 87 id. 514.)

Bradley, J. While the performance by the plaintiff of the contract was a condition precedent to the right of recovery, the conclusion of the referee that it was substantially performed had the support of evidence, and, therefore, must, for the purposes of this review, be deemed conclusive. (*Smith* v. *Brady*, 17 N. Y. 173; *Woodward* v. *Fuller*, 80 id. 312.)

The main question has relation to the claim allowed the plaintiff for the expense of the scaffolding constructed on the outside of the tower to support the workmen as they proceeded with the construction of the forty-feet extension of it above the seventy-two-feet tube upon which it was erected. The evidence tended to prove that the purpose of the maintenance of the water-level as provided by the contract was to

enable the workmen to stand upon a raft in performing the work, and the matter of the practicability of that method of supporting them for that purpose questioned by some of the evidence is not here for consideration. If that means had been made available the expense of providing the float would have been incurred by the plaintiff; and as in the distance of ten feet upward the reduction of the diameter of the tube to be constructed was from twenty feet to six feet, the adaptation of the raft to the diminishing surface of the column of water for it to rest upon would, as the work proceeded for that distance, have been necessary. It does not appear what the expense would have been of providing and suitably adapting this to the purposes of a platform for the workmen, nor was any allowance made for it by the referee as against the expense of the outer scaffolding. Upon the exception to his conclusion to that effect, arises the question whether the recovery for the full amount of the latter was properly permitted.

As the plaintiff had not proceeded with the work within the time provided by the contract for its performance, the defendant was at liberty to treat the plaintiff's default as terminating its rights under it. But there is evidence tending to prove that when called upon after the time for the completion of the work had expired, the defendant stated that he could not furnish the water-level as before agreed, and that the plaintiff would have to provide and use an outside scaffolding, and when informed that the expense of the work to the plaintiff by that means would be greater than the method of an inner float would require, the defendant expressed his opinion that it would be no more, but, nevertheless, advised that the work of extension of the tower be performed. There was no modification of the contract except such as resulted from the refusal of the defendant to maintain the water-level in the tower, and in the consequent necessity of the scaffolding recognized by the parties. Nor does it appear that the defendant would not, within the time stipulated for the performance of the contract, have maintained the requisite water-level. The plaintiff, however, upon the findings of the referee, having the support of

evidence, was entitled to recover the expense of the work and scaffolding in excess of that which would have been incurred by it if permitted to use the float. The price the defendant undertook to pay the plaintiff included the cost to the latter of the means to be provided by him for doing the work, aided so far as it might be by the maintenance of the stipulated water-level. And there was some evidence to the effect that the expense to the plaintiff of the work, if the inner support of the workmen had been permitted, would have been no greater than that required for it by the use of and including the outside scaffolding. The plaintiff's claim was governed by the contract so far as the work performed could be traced by it, and beyond that the plaintiff was entitled to the *quantum meruit.* (*Dubois* v. *Delaware & H. C. Co.*, 4 Wend. 285; *Koon* v. *Greenman*, 7 id. 121; *Hollinsead* v. *Mactier*, 13 id. 276; *Clark* v. *Mayor, etc.*, 4 N. Y. 338.) The contract, as first made, determined the price of the entire work. But by reason of the deviation from the method originally contemplated by the parties to render the work of construction of the extension of the tower accessible to the workmen, the contract did not furnish any guide to the cost of that rendered necessary for such purpose, and the plaintiff necessarily had to resort to evidence in that respect if it sought, as it was entitled, to recover for any additional expense occasioned by such deviation. This increased expense was for the plaintiff to show by proving that the means it was required to adopt for the purpose were more, and how much more, expensive than would have been those which it was contemplated when the contract was made could be provided for the men to work from upon the tower.

Upon this subject, the court in *Koon* v. *Greenman*, said: "Where it does not appear that the work was rendered more expensive to the plaintiff than was contemplated when the contract was made, or than it otherwise would have been in consequence of the improper interference of the defendant or of his neglect or omission to perform what by the contract he was bound to do, the contract prices should be held conclusive

Opinion of the Court, per Bradley, J.

between the parties." This rule would not be applicable to extra work merely. There it would be sufficient to prove its cost or value with the facts entitling the person doing such work to charge for it. But in the present case there was a deviation anthorized and pursued, and as the consequence, the contract embraced work which the plaintiff was not required to perform. It was for the plaintiff to prove that the deviation to which he consented rendered the work done more expensive, and if found to be so the plaintiff was entitled to the benefit of the difference. But the rule applied was otherwise, and by allowing to the plaintiff the full amount of the contract price in addition to the cost of the substituted work it was permitted to recover for work not performed. How much does not appear, nor can it here be determined. For that reason the exception before referred to, was well taken. And the plaintiff must take a new trial unless it elects to abate the recovery in an amount equal to that allowed on account of the expense of the scaffolding.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event, unless the plaintiff stipulate to deduct from the recovery $849.75 with interest on that sum from August 1, 1883, and in that event the judgment be so modified and as modified affirmed without costs in this court to either party.

All concur.

Judgment accordingly.