ALBANY,
January, 1816.

THORPE
v.
WHITE.

THORPE *against* WHITE AND OTHERS.

THIS was an action of *assumpsit*, which was tried at the *Albany* circuit, in *October*, 1815, before Mr. J. *Yates*.

The plaintiff produced, at the trial, a promissory note, executed by the defendants, which being admitted, the counsel for the defendants offered to prove, under the notice subjoined to the plea, that the defendants being the owners of a cotton manufactory, the plaintiff, who was a joiner, about three months before the execution of the note, entered into their service, and it was agreed that the defendants should instruct the plaintiff in the making of the machinery necessary and proper for the said manufactory, and should pay the plaintiff at the rate of one dollar per day for one year, for his wages in making the same; in consideration whereof, the plaintiff agreed to work for the defendants for one year at that rate, and it was further agreed, that the defendants should settle with the plaintiff at the end of every three or four months; that at the expiration of about three months from the time the agreement was entered into, the parties computed the amount then due for the plaintiff's services, at the stipulated rate, and the note on which the action was brought was given for the amount; and, shortly afterwards, the plaintiff left the service of the defendants without their consent. The evidence being objected to on the part of the plaintiff, was rejected by the judge, and a verdict was given for the plaintiff.

The defendants moved for a new trial, and the case was submitted to the court without argument.

*Per Curiam.* According to the principles adopted by this court, in the case of *M'Millan* v. *Vanderlip*, (12 *Johns. Rep.* 165.,) the original contract between the parties was an entire contract; and if there had been no subsequent modification, the plaintiff could not have recovered upon it until the expiration of the year. But the giving of the note in question, by the defendants, was, *pro tanto*, a change or modification of the original agreement, and precludes them from setting up the original

Where there is a contract of hiring for a definite period of time, at a certain rate per day, and a part only of the time having elapsed, the parties settle the amount of the wages which had then been earned, and the hirer gives his note to the servant for the amount; in an action on the note, it is no defence that the payee had left the maker's service before the expiration of the time for which he had been originally hired; although, had there been no subsequent modification of the agreement, he could not have recovered wages until he had served the whole period agreed upon

agreement against their own note. The evidence offered was, therefore, properly overruled, and the motion for a new trial must be denied.

Motion denied.