ALBANY,
January, 1816.

JENNINGS
v.
CAMP.

---

JENNINGS *against* CAMP.

Where a party enters into a special contract, and having performed part of it, without the consent or default of the other party, voluntarily abandons the further performance of it, he cannot maintain an action on the implied *assumpsit,* for the labour actually performed.

Where the special contract is still in force, the plaintiff cannot resort to the general counts.

Where a contract is entire, a full performance is a condition precedent to the plaintiff's right of action.

IN ERROR, from the court of common pleas of the county of *Madison.*

The plaintiff's declaration was in *assumpsit,* and contained two counts. The first count stated an agreement between the

plaintiff and defendant, in the court below, dated the 1st of *July*, 1812, by which *Camp*, the plaintiff below, and defendant in error, agreed to log up, burn, and clear, fit for sowing, ten acres of land on a certain lot belonging to the defendant below, the plaintiff in error, in a good, farmerlike manner, by the 20th of *September*, and to fence the said ten acres with a good rail fence, by the first of *October* next ; and the defendant below agreed to pay the plaintiff at the rate of eight dollars per acre, part to be paid in oxen, &c., and then averred performance.

The second count was a general *indebitatus assumpsit*, for work and labour. The defendant pleaded the general issue, and the jury found a special verdict, viz. : " That the plaintiff, in pursuance of the contract and agreement mentioned in the first count, did partly clear the land in that count mentioned, but made none of the fence; and then, of his own accord, default, and negligence, and without any fault, default, or consent of the defendant, abandoned and gave up all further proceedings towards fulfilling the said contract, and hath not yet finished or fulfilled what he undertook to perform by the said contract ; and whether, under these circumstances, it is competent and lawful for the plaintiff to put an end to the said contract in the said first count mentioned, and proceed on a general count for work and labour, and to recover the value of what he did in pursuance of said contract, the jury are uninformed, and pray the advice of the court," &c. ; and they assessed the plaintiff's damages, on the second count of the declaration, at fifty dollars. The court below gave judgment for the plaintiff, and the cause was submitted to this court without argument.

SPENCER, J., delivered the opinion of the court.

This case does not present the question, whether, on a failure to prove the special contract, in consequence of a variance between the declaration and the proof, the plaintiff may not resort to the general count ; but the point is, whether a party who enters into a contract, and performs part of it, and then, without cause, or the agreement or fault of the other party, but of his own mere volition, abandons the performance, can maintain an action, on an implied assumpsit, for the labour actually performed ; and it seems to me, that the mere statement of the case shows the illegality and injustice of the claim.

There are two principles, which are considered well established, precluding the plaintiff below from recovering: first, the contract is open between the parties, and still in force; the defendant below has done no act to dissolve or rescind it; and it was decided, in *Raymond and others* v. *Bernard*, (12 *Johns. Rep.* 274.,) upon a review of all the cases, that, if the special agreement was still in force, the plaintiff could not resort to the general counts. 2d. The contract being entire, performance, by the plaintiff below, was a condition precedent, and he was bound to show a full and substantial performance of his part of the contract; this was so decided in *M'Millan* v. *Vanderlip*, (12 *Johns. Rep.* 166.). In *Cutter* v. *Powell*, (6 *Term Rep.* 320.,) a sailor, hired for a voyage, took a promissory note from his employer, for thirty guineas, provided he proceeded, continued, and did his duty, as second mate, from *Kingston* to *Liverpool*. Before the arrival of the ship, he died; and the court held, that wages could not be recovered, either on the contract, or on a *quantum meruit*. The decision was founded on common-law principles. Lord *Kenyon* said, that where the parties have come to an express contract none can be implied, has prevailed so long as to be reduced to an axiom in the law. *Ashhurst*, J., very pertinently observed, this is a written contract, and speaks for itself, and as it is entire, and as the defendant's promise depends on a condition precedent, to be performed by the other party, the condition must be performed before the other party is entitled to receive any thing under it; that the plaintiff had no right to desert the agreement, and recover on a *quantum meruit*; for, wherever there is an express contract, the parties must be guided by it; and one party cannot relinquish or abide by it as it may suit his advantage.

The case of *Faxon* v. *Mansfield & Holbrook*, (2 *Mass. Rep.* 147.,) is directly in point. *Mansfield* agreed with *Holbrook* to erect and finish a barn, by a fixed day, when he was to receive 400 dollars, in full compensation; he performed part of the work, and left it unfinished, without the consent, and contrary to the wishes, of *Holbrook*. *Parsons*, Ch. J., in giving the opinion of the court, said, on these facts, *Mansfield* could maintain no action, either on his contract, or on a *quantum meruit*, against *Holbrook*; his failure arising not from inevitable accident, but his own neglect.

. In *Whiting* v. *Sullivan*, (7 *Mass. Rep.* 109.,) *Parsons*, Ch. J., said, " as the law will not imply a promise where there was an express promise, so the law will not imply a promise of any person, against his own express declaration."

In *Linningdale* v. *Livingston*, (10 *Johns. Rep.* 36.,) we recognised a position, in *Buller's Nisi Prius*, " that, if there be a special agreement, and the work be done, but not in pursuance of it, the plaintiff may recover upon a *quantum meruit;* for, otherwise, he would not be able to recover at all." This observation has misled the court below. Correctly understood, it has no application here. It supposes a performance of the contract, with variations from the agreement, probably with the assent of both parties, or it may mean an extension of the time within which the agreement was to be performed, with the like assent. The position never was intended to embrace the case of a wilful dereliction of the contract, when partly executed, by one of the parties, without the assent, and against the will, of the other.

Judgment reversed.