Statute of limitations—acknowledgment of the debt—promise—contract—work and labor.

The statute of limitations may be given in evidence under a notice attached to the general issue; so of *any* matter which, if pleaded, would bar the action,

An acknowledgment to take a case out of the statute, must be, that the *debt* is a subsisting one; it is not sufficient that the debt did once exist.

If a promise be relied upon to take the case out of the statute, it must be an *express* promise; none will be implied from an acknowledgment of the debt.

In general, where one has done work for another, on a contract, though not strictly according to its terms, the plaintiff may recover on the common counts. Where work is done on land, it would seem for the benefit of the owner.

ASSUMPSIT for work and labor. Plea—the general issue, with notice of set-off, the statute of limitations, and of an agreement to clear, fence, &c., eight acres of ground, to be paid for when done, by a conveyance of fifty acres of land, which was for the same work declared for by the plaintiff, but was never done. After the evidence for the plaintiff was closed, the defendant offered evidence, under the notice of the statute of limitations.

*Humphrey*, for the plaintiff, objected that the statute should be pleaded specially; a party cannot avail himself of it under a notice.

*E. Whittlesey*, contra.

COLLETT, J. The statute of Ohio authorizes defendants to give notice of *any* matter, which, if pleaded, would bar the suit. The statute of limitations is a bar, and within the express provision of the statute. The evidence will be received.

In arguing the case before the jury, *Whittlesey*, for the defendant, contended, that to take the case out of the statute of limitations, there must be an *express* promise to pay; and also, that if the special contract was not complied with in terms, the plaintiff could not recover. 1 *Pet.* 351; 11 *Wheat*, 13 *John.* 94, were cited.

*Humphrey* and *Willey*, contra.

COLLETT, J. An acknowledgment to take a case out of the statute of limitations, must be that the debt is a subsisting one. If a promise be relied upon, it must be an express promise to pay, or it will be unavailing. Such promise must be shown to the jury by the circumstances; 29 *O. L.* 215. A bare acknowledgment that the debt did once exist is not sufficient. The law will not, upon that *alone*, raise an implied promise to pay, to do away the statute.

In general, when services have been rendered for another on a special contract, though not strictly according to its terms, the plaintiff may recover what the services are worth, on the common counts. When the labor is upon land, and done upon a special contract, it would almost seem that it must be for the benefit of the *employer. There may be a difference, in case the contract pro- [85 vides that he is not to recover, unless the work is done according to the terms of the contract. On that point we are unable to agree.

The jury not being able to agree upon a verdict were discharged.