Nov. Term,<br>1850.<br><br>Swift<br>v.<br>Williams.

---

## Swift *v.* Williams.

The plaintiff contracted to make a road for the defendant, of a particular description, up a certain hill, for 25 dollars, and be boarded by the defendant.  Before making the contract, the plaintiff examined the place where the labor was to be done, and was told that if he undertook to dig the road for said sum he would be sorry for it; and at the time of making the contract, the defendant told plaintiff if he could not dig the road for 25 dollars not to touch it.  The plaintiff performed about one-half of the work, but no part of the road was finished according to contract.  The cost of the work done was about 50 dollars.  The defendant asked for the following instruction: "If the jury find, from the evidence, that the plaintiff contracted to perform a certain job of work, in making a road for a stipulated price, and that the plaintiff did not complete said job, but, without cause, abandoned the same before it was completed according to contract, without defendant's consent, and that it would cost more to complete said job, according to contract, than the original contract price, the plaintiff cannot recover for the work so done by him." The Court refused to give this instruction.  *Held*, that the instruction should have been given.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—This suit was commenced by *Williams* against *Swift*, before a justice of the peace.  The plaintiff's account against the defendant, filed as the cause of action, consisted of the following charges: 1847—To quarrying 50 perches of stone, 5 dollars; 1848—to digging a road up a hill; and for work and labor, 55 dollars. Verdict and judgment, before the justice, for the defendant.  The plaintiff appealed to the Circuit Court.

The cause was tried in the Circuit Court, and a verdict

Monday,<br>December 2.

and judgment rendered for the plaintiff for 29 dollars and 50 cents.

The charge for quarrying stone was not proved.

As to the other charge, the contract proved was, that the plaintiff was to make a road for the defendant, of a particular description, up a certain hill, for 25 dollars, and be boarded by the defendant. Before making the contract, the plaintiff examined the place where the road was to be made, and was told by one of the witnesses that if he undertook to dig the road for said sum he would be sorry for it; and, at the time of making the contract, the defendant told the plaintiff if he could not dig the road for 25 dollars not to touch it. The defendant performed about one-half of the work, but no part of the road was finished according to the contract. The cost of doing the work done by the plaintiff would be about 50 dollars. This was the material part of the evidence.

The defendant asked the Court to instruct the jury as follows: "If the jury find, from the evidence, that the plaintiff contracted to perform a certain job of work in making a road for a stipulated price, and that the plaintiff did not complete said job, but, without cause, abandoned the same before it was completed according to contract, without defendant's consent, and that it would cost more to complete said job, according to the contract, than the original contract price, the plaintiff cannot recover for the work so done by him."

That instruction, by itself, the Court refused to give, but gave it with the following addition: "If the work done by plaintiff is worth more than the damage which the defendant has sustained by the plaintiff's failure to complete the work, the jury must find the difference in defendant's favor."

To that addition to the instruction asked for, the defendant excepted.

It appears to us that the instruction asked for by the defendant, without the addition, ought to have been given. This was an entire contract for the making of

the road for a stipulated price. The plaintiff could not recover the price or any part of it, without having first made the road, substantially, according to the contract, or shown a legal excuse for the non-performance. The reason is, that the substantial performance of the work was a condition precedent to the payment of the price. A late writer on contracts says: "If the consideration and precedent act to be performed be entire and indivisible, and it appears to have been the intention of the parties that the whole of what the plaintiff had undertaken to perform, should be done before any liability should arise on the part of the defendant, the plaintiff cannot, so long as the contract remains open and unrescinded, maintain an action in respect of a partial execution thereof, although the defendant may have derived some benefit and advantage therefrom." Addison on Contracts, 194.

The following is a very similar case to the one before us. It was an action of assumpsit. There were two counts. The first stated an agreement between the parties, dated the first of *July*, 1812, by which the plaintiff agreed to log up, burn, and clear, fit for sowing, ten acres of land on a certain lot belonging to the defendant, in a good, farmer-like manner, by the 20th of *September*, and to fence said ten acres with a good rail fence by the first of *October*, next; and the defendant agreed to pay the plaintiff at the rate of eight dollars per acre, part to be paid in oxen, &c.; and then averred performance.

The second count was a general one for work and labor.

The defendant pleaded the general issue, and the jury found a special verdict as follows: "That the plaintiff, in pursuance of the contract and agreement mentioned in the first count, did partly clear the land in that count mentioned, but made none of the fence; and then, of his own accord, default, and negligence, and without any fault, default, or consent of the defendant, abandoned and gave up all further proceedings towards fulfilling the said contract, and hath not yet finished or fulfilled what he undertook to perform by the said contract; and whether,

*Nov. Term, 1850.*

SWIFT
v.
WILLIAMS.

under these circumstances, it is competent and lawful for the plaintiff to put an end to the said contract in the said first count mentioned, and proceed on a general count for work and labor, and to recover the value of what he did in pursuance of said contract, the jury are uninformed, and pray the advice of the Court," &c.; and they assessed the plaintiff's damages, on the second count of the declaration, at fifty dollars.

The Court gave judgment for the plaintiff; and the cause was taken to the Supreme Court.

*Spencer*, J., in delivering the opinion of the Supreme Court, said: This case does not present the question whether, on a failure to prove the special contract, in consequence of a variance between the declaration and the proof, the plaintiff may not resort to the general count; but the point is, whether a party who enters into a contract, and performs part of it, and then, without cause, or the agreement or fault of the other party, but of his own mere volition, abandons the performance, can maintain an action, on an implied assumpsit, for the labor actually performed; and it seems, to me, that the mere statement of the case shows the illegality and injustice of the claim. There are two principles, which are considered well established, precluding the plaintiff below from recovering; first, the contract is open between the parties, and still in force; the defendant below has done no act to dissolve or rescind it; and it was decided in *Raymond et al.* v. *Bernard*, 12 Johns. 274, upon a review of all the cases, that, if the special agreement was still in force, the plaintiff could not resort to the general counts. Secondly; the contract being entire, performance by the plaintiff below was a condition precedent, and he was bound to show a full and substantial performance of his part of the contract; this was so decided in *McMillan* v. *Vanderlip*, 12 Johns. 166. Judge *Spencer* also refers to the cases of *Cutter* v. *Powell*, 6 T. R. 320, *Faxon* v. *Holbrook*, 2 Mass. 147, and *Whiting* v. *Sullivan*, 7 Mass. 109, to show that the plaintiff, in the case then before the Court, could not recover. *Jennings* v. *Camp*, 13 Johns. 94.

Our opinion, therefore, is, that the instruction to the jury asked for by the defendant, without the addition, should have been given. We think, also, that the verdict is not sustained by the evidence.

*Per Curiam.*—The judgment is reversed, and the verdict set aside with costs. Cause remanded for another trial. Costs here.

*R. L. Spooner*, for the plaintiff.

*E. Dumont* and *J. T. Brown*, for the defendant.