Haslack v. Mayers.

---

ENGLEBERT HASLACK *vs.* JOSEPH C. MAYERS.

1. A covenanted with B to buy B's stock of groceries, and that he would accept the delivery thereof and pay therefor at a specified time, by transfering to B nine shares of stock, and by giving certain notes, and conveying to B certain lands. B covenanted that, upon condition that A paid to him the whole of said consideration, he would sell and deliver to A said stock of groceries at the time specified. A transferred the shares of stock before the time fixed ; B received the stock, and was ready to deliver the groceries at the time agreed upon, but A refused to give the notes or convey the land, and brought an action of *assumpsit* against B to recover back the value of the shares of stock. *Held,* that the action could not be maintained.

2. In such case a delivery and acceptance of part of the property before the time agreed upon, is not, *per se,* a severance of the contract.

3. Where a party performs part of an entire contract, and voluntarily and without excuse refuses to perform the rest, he cannot recover for the part performance.

Case certified from Mercer Circuit.

This action of *indebitatus assumpsit* was brought by the plaintiff to recover the value of nine shares of stock, assigned and transferred by the plaintiff to the defendant. The declaration contained the common counts only. The plea was the general issue.

On the 5th March, 1856, the plaintiff covenanted with the defendant that he would buy the defendant's stock of groceries, and that he would accept the delivery thereof, and would pay therefor, on the 12th of March, 1856, by assigning and transferring to the defendant the aforesaid nine shares of stock, and by giving certain notes and conveying certain lands to the defendant. The defendant covenanted with the plaintiff, that upon condition that the plaintiff paid to him the whole of the aforesaid consideration therefor, he would sell and deliver to the plaintiff the said stock of groceries on the said 12th of March.

On the said 5th of March, the plaintiff assigned and transferred to the defendant the said nine shares of stock, and the defendant received the same in part payment for the said stock of groceries. On the same 5th of March, the defendant, with the aid and co-operation of the plaintiff, sold five of the said nine shares of stock to other *bona fide* purchasers, and the said five shares were duly assigned to such purchasers.

During the interval between the said 5th and 12th of March, the plaintiff repeatedly expressed to the defendant his intention to complete the aforesaid purchase, and take possession of said stock of groceries on the said 12th of March, and the defendant agreed and assented thereto.

On the 12th day of March aforesaid, the plaintiff neglected to complete said purchase, or do any act in performance of his covenants and agreements aforesaid, and from

thence till the commencement of this suit, refused to complete said purchase, or do any act in further performance of his covenants and agreements.

The defendant was at all times, from the time of making the covenants and agreements aforesaid until the commencement of this suit, ready and willing to perform his said covenants and agreements, and after the said 12th of March, and before the commencement of this suit, urged the plaintiff to proceed and complete the purchase aforesaid of said groceries.

A verdict was taken for the plaintiff, subject to the opinion of the court; and to the end that it might be decided whether the said verdict was properly rendered, it was directed that the case be certified to the Supreme Court, for their opinion upon the following point:

Upon the facts stated, can the present action be maintained by the plaintiff to recover the value of the said nine shares of stock, or of any of said shares?

Argued at February Term, 1856, before the CHIEF JUSTICE, and Justices OGDEN, POTTS, and VREDENBURGH.

*Kingman* and *Beasley*, for the plaintiff.

*Gummere*, for the defendant.

The opinion of the court was delivered by

POTTS, J.  The case in brief is this: the defendant had a certain lot of groceries, and the plaintiff certain stocks, land, and notes; and the parties entered into mutual covenants to exchange the one for the other parcels of property.  The contract was made and sealed on the 5th of March, 1856, to be performed on the 12th.  The stocks were transferred by the plaintiff to the defendant on the day the contract was sealed; but when the 12th of March, the time of performance, arrived, the plaintiff refused to comply with his covenant to convey the land and deliver the notes, although the defendant tendered himself ready

and willing to deliver the groceries ; and he now sues to re-
cover from the defendant the value of the shares of stock in
money. He declares upon an *indebitatus assumpsit*, and the
question is, will the law in such a case imply a promise to
pay the value of the shares of stock ?

A verdict *pro forma* having been rendered for the plain-
tiff at the circuit, and the case certified into this court, the
defendant now insists that the plaintiff cannot maintain
his action, on the ground that this was an entire contract;
that the acceptance of the shares of stock was not a severance
of the contract ; that he has always been ready to deliver
the groceries to the plaintiff whenever the plaintiff con-
veyed to him the land and delivered the notes contracted
for; and that the conveyance of the land and the delivery
of the notes, as well as the stock, being a condition pre-
cedent to the performance of his part of the contract, the
verdict should be set aside, and judgment entered for the
defendant.

The contract is an entirety. The defendant did not con-
tract to have the land, the notes, or the stocks separately.
He did not agree to take either without the other, or to
allow a specified sum for either parcel alone ; it was the whole
together that he bargained for. He was to pay, not in money,
but in groceries; not a specified quantity or value in gro-
ceries for the land, another for the notes, and another for the
stocks, but his whole lot of groceries, for the several parcels
of property to be received in exchange. No money value
was fixed on either side. It was one parcel of property con-
sisting of several items on one side, for a parcel of property
consisting of sundry items on the other side—parcel for
parcel, each parcel considered and dealt with as a whole,
though consisting of several parts.

The rule, as stated in 2 *Parsons on Contracts* 29, is, that
" if the part to be performed by one party consists of
several distinct and separate items, and the price to be
paid by the other is *apportioned* to each item to be per-
formed, or is left to be *implied by law*, such a contract will

generally be held to be severable." And see *Johnson v. Johnson*, 3 *Bos. & Pul.* 162; *Mayfield* v. *Wadsley*, 3 *Barn. & Cress.* 357; *Robinson* v. *Green*, 3 *Metc.* 159.

But here the price of the land, the stocks, and the notes was not apportioned nor left to be implied by law. The price for the whole was the lot of groceries. And in 2 *Parsons on Contracts* 31, we have the rule that "if the consideration to be paid is *single* and *entire*, the contract must be held to be entire, although the subject of the contract may consist of wholly independent items, as in the case of *Miner* v. *Bradley*, 22 *Pick.* 457, where a party bought a cow and four hundred pounds of hay at auction, for $17, and it was held to be an entire contract, and incapable of severance; and the principle is recognized in numerous cases in the books.

But it is contended that, admitting the entirety of the contract, it was subsequently *severed* by the defendant's accepting a delivery of the stock before the stipulated time of performance. The contract was made on the 5th of March, to be executed on the 12th; and the case states, "that on the said 5th of March, the plaintiff assigned and transferred to the defendant the said nine shares of stock, and the defendant received the same in part payment for the stock of groceries," and "on the same 5th of March, the defendant, with the aid and co-operation of the plaintiff, sold five shares of the said nine shares of stock to other *bona fide* purchasers, and the said shares, were duly assigned to said purchasers."

Doubtless a contract entire in its inception may be subsequently severed by the act of the parties. But where the very question in dispute is whether there was a severance, we must look to the intention of the parties at the time, and this intention may be gathered generally from the nature and circumstances of the transaction itself. Here, however, there is nothing to induce the belief that this anticipation of time in the delivery of the stocks was intended to effect any change in the contract originally

made. It is not pretended that the stock was to be paid for separately; that any price was fixed upon it, or that it was to be paid for in anything but groceries, and that in bulk, upon the conveyance of the land and delivery of the notes. In no particular was the undertaking on the part of the defendant changed; he was to deliver the groceries in exchange for the land, stock and notes, on the 12th of March. In no particular was the undertaking on the part of the plaintiff altered; he was to deliver the land, stock and notes in exchange for the groceries on the 12th, and he chose to commence the delivery by transferring the stock on the 5th. That was all.

Part performance of an entire contract, where there is manifestly no intention to sever, change, or in anywise alter or modify the contract, as originally made, furnishes no ground of recovery *pro tanto*. In 2 *Kent's Com.* 509, the rule is laid down with great clearness: " With respect to part performance of an entire contract for the sale and delivery of personal property, of a given quantity, at a specified price and time, or for the performance of certain labor and service, a delivery of a less quantity than that agreed on, or a refusal or omission to perform the entire labor or service, without any act or consent of the other party, will not entitle the party who has delivered in part, or performed in part, to recover any compensation for the goods which have been delivered, or the service which has been performed. The entire performance is a condition precedent to the payment of the price, and the courts cannot absolve men from their legal engagements or make contracts for them." And so are all the New York cases. *Champlin* v. *Rowley*, 13 *Wend.* 258; *Same case in error*, 18 *Wend.* 187, and see note, 194; *Mead* v. *Degolyer*, 16 *Wend.* 632; *Paige* v. *Ott*, 5 *Denio* 406; *Knight* v. *Dunlop*, 4 *Barb.* 36.

In *Ketchum* v. *Evertson*, 13 *Johns.* 364, Spencer, J., said, " it may be asserted with confidence that a party who has

advanced money, or done an act in part performance of an agreement, and then stops short, and refuses to proceed to the ultimate conclusion of the agreement, the other party, being ready and willing to proceed and fulfill all his stipulations according to the contract, has never been suffered to recover for what has been thus advanced or done." "It would be an alarming doctrine to hold that the plaintiff might violate the contract, and because he chose to do so, make his own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiff has."

In the leading case of *Cutler* v. *Powell*, 6 *Term R.* 320, Kenyon, Ch. Just., said the rule "that where the parties have come to an express contract, none can be implied, has prevailed so long as to be reduced to an axiom in the law;" and Grose, J., added, "the written contract speaks for itself; and, as it is entire, and as the defendant's promise depends on a condition precedent to be performed by the other party, the condition must be performed before the other party is entitled to receive anything under it. The plaintiff has no right to desert the agreement, and recover on a *quantum valebant*, for wherever there is an express contract, the parties must be guided by it; and one party cannot relinquish or abide by it, as may suit his advantage."

These, which are no less rules of law than of sound morals, apply in full force to the case before the court. The plaintiff here has deliberately broken his covenant with the defendant; and without the shadow of a pretext for having done so, asks, at the hands of a court of justice, to be remunerated in money for the stock he delivered to the defendant voluntarily in part performance of that covenant. For the court to aid him, would be to lend its aid to an act of bad faith. There is no hardship

in the case. Let him perform his contract, and he will re-ceive the remuneration he stipulated for; or if it be now too late, the loss is the consequence of his own act. An *assumpsit* to pay in money for the stock cannot be implied in the face of the existing contract. He can have no relief while he refuses to perform what he made a condition precedent to his legal right to it.

Cases analogous in principle to this frequently occur in contracts for hire. And it is well settled, that if A and B agree together that A shall enter into the service of B, and continue, say, for one year, and that B shall pay therefor $100, and A enter the service accordingly, and continue half of the year, and then leaves, he cannot re-cover anything unless he can show a justifiable cause for abandoning the service; and in that case he does not re-cover on the original contract but on the *quantum meruit*, and on the ground that the contract was broken virtu-ally without his fault.   2 *Parsons on Contracts* 32; *Reab* v. *Moore*, 19 *Johns.* 337; *McMillan* v. *Vanderlip*, 12 *Johns.* 165; *Jennings* v. *Camp*, 13 *Johns.* 94; *Thorpe* v. *White*, 13 *Johns.* 53; *Lantry* v. *Parks*, 8 *Cow.* 63; *Stephens* v. *Beard*, 4 *Wend.* 604; *Davis* v. *Maxwell*, 12 *Metc.* 286; *Stark* v. *Parker*, 2 *Pick* 267; *Olmstead* v. *Beal*, 19 *Pick.* 528; *Thayer* v. *Wadsworth*, 19 *Pick.* 349; *Faxon* v. *Mansfield*, 2 *Mass.* 147; *Erving* v. *Ingram*, 4 *Zab.* 520; *Cutter* v. *Pow-ell*, 6 *Term R.* 324; *Hulle* v. *Heightman*, 2 *East* 145; 2 *Smith's Lead. Cases* 1, *and notes;* 1 *Parsons on Contracts* 518 to 536.

Another class of cases, in which the same principles apply, are those which relate to building contracts, and the like; and in these, though from the nature of the service rendered, many exceptional rules have been in-troduced, yet the principle will be found fully recognized in most of the decisions, that where the contract is entire, and there is a failure on one part to perform the service which is stipulated for, and no express or implied waiver

on the other part of the strict letter of the contract, the condition precedent must be substantially performed before a recovery can be had on the common counts for labor and materials. *Hayward* v. *Leonard*, 7 *Pick.* 181; *Smith* v. *Lowell*, 8 *Pick.* 178; *Taft* v. *Montague*, 14 *Mass.* 282; *Olmstead* v. *Beale*, 19 *Pick.* 528; *Snow* v. *Ware*, 13 *Metc.* 42; *Heyden* v. *Madison*, 7 *Greenl.* 76; *Jennings* v. *Camp*, 13 *Johns.* 94; *Kettle* v. *Harvey*, 21 *Verm.* 301; *Linnington* v. *Livingston*, 10 *Johns.* 36; *Dubois* v. *Del. and Hud. C. Co.*, 4 *Wend.* 285; *Wadleigh* v. *Sutton*, 6 *N. Hamp.* 15; *Burn* v. *Miller*, 4 *Taunt.* 745; *Chapel* v. *Hickes*, 2 *Craig & Myln* 214; *Thornton* v. *Place*, 1 *McLean & Robinson* 218.

There are cases in which, upon contracts for the manufacture or sale of a quantity of articles, at an *agreed price for each*, a delivery and acceptance of *part* has been held to give a right of recovery for that part, notwithstanding a refusal or failure to fulfill the contract, deducting whatever damages the other party sustained by the non-fulfillment of the contract. Such are the cases of *Bowker* v. *Hoyt*, 18 *Pick.* 555; *Oxendale* v. *Wetherell*, 9 *Barn. & Cress.* 386; *Champion* v. *Short*, 1 *Camp.* 53; 2 *Parsons on Contracts* 170, *note z*, where the cases will be found collected. But the learned author admits that this can only be in cases where the duty to be done consists of parts which are distinct and severable in their own nature, and are not bound together by expressions giving entirety to the contract. It is not enough, he says, that the duty to be done is itself severable, if the contract contemplates it only as a whole, which is clearly the case in the contract now before the court.

There is also the case of *Britton* v. *Turner*, 6 *N. Hampshire* 481, which goes very far to sustain the doctrine contended for by the plaintiff here. It holds that the acceptance of labor raises an implied *assumpsit* to pay, notwithstanding the laborer refuses to complete his contract. But this case has not been followed, and is clearly not law.

Upon the whole, I am of opinion the Circuit Court should be advised, that upon the facts stated, the action of the plaintiff to recover the value of the shares of stock, or any of them, cannot be maintained.

CITED *in School Trustees of Trenton* v. *Bennett,* 3 *Dutch.* 517 ; *Brown* v. *Fitch,* 4 *Vr.* 422.