The payment of the one hundred dollars in June, and the giving of the note for four hundred dollars, by the defendant, modified the contract, as to the time and manner of payment, so as to give to it the same effect as if it had originally provided that one hundred dollars should be paid in June, four hundred dollars on the third of July, in a note at three months (provided work to the *Page 381 
amount of five hundred dollars should at that time have been done), and the balance when the work should be completed. At the time when the note was given, work had been done to the amount of more than five hundred dollars, thus furnishing a full consideration for the note, and that consideration has been in no way impaired. The referee correctly held, therefore, that the failure of Walker to perform the residue of the work constituted no defence to the note. (Thorpe v. White, 13 Johns. 53.)
The claim to set off against the note the damages resulting from the partial failure to complete the repairs, was properly denied. The default in that respect constituted a bar to a recovery for that work, or any part of it, upon the contract, because complete performance was a condition precedent to any further payment on that account; but as the damages arising from the default were less than the balance remaining unpaid on the contract, after deducting the one hundred dollars paid and the amount of the note, the damages were not available as a set-off against the note, given for work actually performed. The question presented by this claim of set-off, is the same which would have arisen if the defendant had paid the note, or suffered judgment to pass against him upon it, and had then brought an action against Walker to recover the damages in question. It is entirely clear that, upon the state of facts established in this case, he could not recover in such an action. The claim of damages under such circumstances is based upon the position that the contract, notwithstanding the default of one party in its performance, remains in force against such party. This position cannot be disputed; but if the contract remains in force against one party, it remains also in force against the other party. The default of Walker gave to the defendant a right, at his election, to treat the contract, so far as it had not been performed on both sides, as void or abandoned; and so long as he should choose to stand upon that ground, no recovery could be had *Page 382 
against him for any part of the one hundred dollars remaining unpaid, whatever portion of the work, less than the whole, was done; but if he should proceed, by action, to recover the damages in question, which would be the equivalent of full performance on the part of Walker, such recovery would require full performance on his part. He could not demand full performance without rendering full performance in return. In this view of the rights of the parties, the evidence upon which the defendant relied to establish his claim to an amount of damages not exceeding seventy-five dollars, disclosed the existence of a counter-claim against him of one hundred dollars, over and above the amount of the four hundred dollar note, which was sought to be recovered in this action. The referee, therefore, properly refused to allow the damages as a set-off against the note. The judgment of the supreme court should be affirmed.
All the other judges being in favor of affirmance (though HOGEBOOM and INGRAHAM, JJ., had some doubt whether the set-off ought not to have been allowed), Judgment affirmed. *Page 383