Johnson, J.
The mailing and delivery of the note by the defendant, for work done under the contract to a greater amount than the face of such note, and its acceptance by Walker, the other party to the contract, operated in law as a change or modification of such contract, in respect to the payment, to the extent of the amount of the note. There being no fraud, or mistake of facts, the party giving the note is precluded from setting up the contract to defeat a recovery upon it. This was held in Thorpe v. White (13 Johns. 53), a case quite analogous to this. ■ (See also 1 Parsons on Notes and Bills, 197, 200.) This must be so, upon principle. The note certainly was founded upon a good consideration. There is no pretence of any fraud or mistake of facts. It was not given in pursuance of the contract, but upon a new agreement, which was a waiver of the terms of payment prescribed in the contract. A subsequent breach of the contract by the payee could not affect the note, which was given for work already performed. Such, a breach could, by no possibility, be construed into a failure of the consideration of the note. The referee was entirely right, therefore, in holding, that the failure by the payee of the note' to perform the contract fully and completely, was no defence to the action on the note. It was, however, a good defence to the action upon the contract, to recover the balance remaining unpaid, and so the referee held. It is objected on the part of the defendant that the referee has not found, as a fact, that the contract was modified by the giving and acceptance of the note. That was unnecessary. The law infers the modifi *379 cation from the mere fact that a note was made and taken containing an absólute promise to pay different from the terms of the contract. A party may unquestionably waive a right founded on the entirety of a contract, and substitute a different promise, in whole or in part, which will be completely obligatory if accepted by the other party.
The question then arises whether the defendant was entitled tq have the amount of his alleged claim for damages determined by the referee, and allowed as a counter-claim upon or against the note. Most clearly not. The amount which would have been due the plaintiff on the contract, had the work been fully and completely performed, was $100. The referee has found, as matter of fact, that the plaintiff had substantially performed the contract on his part, with the exception of one or two pairs of window blinds, which he was bound by his contract to make, but had not made. He also finds that some of the work which had been done by the plaintiff was.not in all respects as it was required, to be done by the contract, but ■ that it was done in good faith, in the manner it was done, and without any wilful departure from the terms of the contract, and was pro tanto a substantial compliance with the contract. The result of this finding is that the plaintiff had substantially completed his contract, except in the failure to make the blinds, which had not been made, nor the making in any respect waived by the defendant. In this respect the plaintiff had not attempted to perform. There was no complete performance substantially. The. action upon the contract therefore necessarily failed. (Smith v. Brady, 17 N. Y. R. 173.) The action on the contract having failed, the defendant’s counter-claim, growing out of the contract, and being in amount considerably less, necessarily failed also. In strictness the defendant had then sustained no damage at the hands of the ¿plaintiff. Having received, and being in the enjoyment of, the fruits of the plaintiff’s labor and skill, for which he is not required to make any *380 compensation whatever, and the injury by reason of the defects being much less in amount than the value of the labor, it is clear that the defendant is not damnified. He is, on the contrary, considerably benefited. This question is to be considered precisely as though the action had been brought upon the contract alone. The position of the defendant then is this: He refuses to pay, or perform on his part, but insists upon enforcing the contract against the plaintiff. He alleges that the plaintiff has broken the contract, or failed to perform it, and cannot, therefore, compel him to pay, and yet insists that he can compel the plaintiff to pay for defects in the work, for which the latter gets no compensation. This, I apprehend, he can scarcely be allowed to do. He cannot both repudiate the contract, and enforce it, in the same action. Had the defendant' brought his action to recover damages for the non-perform-once of the contract on the part of the plaintiff, it would have been necessary for him to allege performance or an dffer to perform on his own part, or he would not have stated a cause of action. Certainly he is in no better situation in regard to his counter-claim as defendant. Having interposed the plaintiff’s breach, in avoidance of his own obligation to pay, and procured a ruling to that effect in his favor, he is in no situation to enforce the contract against the other party, in any particular, especially in the same action. ■
The judgment is clearly right upon both grounds, and must be affirmed.
Selden, J.
The payment of the one hundred dollars in June, and the giving of the note for four hundred dollars, by the defendant, modified the contract, as to the time and manner of payment, so as to give to it the same effect as if it had originally provided that one hundred dollars should be paid in June, four hundred dollars on the third of July, in a note at three months (provided work to the *381 amount of five hundred dollars should at that time have been done), and the balance when the work should be completed. At the time when the note was given, work had been done to the amount of more than five hundred dollars,- thus furnishing a full consideration for the note, and that consideration has been in no way impaired. The referee correctly held, therefore, that the failure of Walker to perform the residue of the work constituted no defence to the note. (Thorpe v. White, 13 Johns. 53.)
The claim to set off against the note the damages resulting from the partial failure to complete the repairs, was properly denied. The default in that respect constituted a bar to a recovery for that work, - or any part of it, upon the contract, because complete performance was a condition precedent to any further payment on that account; but as the damages arising from the default were less than the balance remaining unpaid on the contract, after deducting the one hundred dollars paid and the amount of the note, the damages were not available as a set-off against the note, given for work actually performed. The question presented by this claim of set-off, is the same which would have arisen if the defendant had paid the note, or-suffered judgment to pass against him upon it, and had then brought an action against Walker to recover the damages in question. It is entirely • clear that, upon the state of facts established in this case, he could not recover in such an action. The claim of damages under such circumstances is based upon the position that the contract, notwithstanding the default of one party in its performance, remains in force against such party. This position cannot be disputed; but if the contract remains in force against one party, it remains also in force against the other party. The default of Walker gave to the defendant a right, at his election, to treat the contract, so far as it had not been performed on both sides, as void or abandoned; and so long as he should choose to stand upon that ground, no recovery could be had *382 against him for any part of the one hundred dollars remaining unpaid, whatever portion of the work, "less than the whole, was done; but if he should.proceed, by action, to recover the damages in question, which would be the equivalent of full performance on the part of Walker, such recovery would require full performance ón his part. He could not demand full performance without rendering full performance in return. In this view of the rights of the parties, the evidence upon which the defendant relied to establish his claim to an amount of damages not exceeding seventy-five dollars, disclosed the existence of a counterclaim against him of one hundred dollars', over and above the amount of the four hundred dollar note, which was sought to be recovered in this action. The referee, therefore, properly refused to allow the damages as a set-off against the note. The judgment of the supreme court should be affirmed.
All the other judges being in favor of affirmance (though IIogeboom and Ingraham, JJ., had some doubt whether . the set-off ought not to have been allowed), Judgment affirmed.