McNEAL v. CLEMENT, appellant.

*Contract — non-performance of — Waiver.*

In an action to foreclose a mechanic's lien, it appeared that the plaintiff refused to perform certain portions of the work agreed to be done by him under his contract with defendant, although requested by the defendant to perform it. *Held*, that the plaintiff was not entitled to recover for the work done.

*Held*, also, that the fact that defendant lived in the building upon which the work was done, during its performance, and in some things directed the manner of its execution, did not constitute a waiver of the fulfillment of the contract.

APPEAL from judgment for the plaintiff, entered upon the report of a referee, in an action to enforce a mechanic's lien.

On the 27th of November, 1871, the parties entered into a written contract whereby plaintiff agreed to do certain work, and furnish materials therefor, upon a hotel belonging to defendant, for the sum of $1,300, payable in installments. Within a few days thereafter, and before any thing was done under the contract, a parol agreement was made by the parties which materially altered the written one, and provided for the payment of the further sum of $150 to plaintiff. A further agreement was also made by parol providing for additional work and materials, for which plaintiff was to receive $100 additional.

Plaintiff entered upon the performance of the work agreed to be done, and while doing it performed, at the request of defendant, considerable extra work and furnished the materials therefor. The value of the extra work and materials, as found by the referee, was $340.

The work done by plaintiff was completed about the 27th of April, 1872. During the whole period of its continuance defendant lived in the hotel; was about where the work was going on, and in some things directed the manner of its execution.

It was found by the referee that some of the materials furnished by the plaintiff were not of as good quality as those called for by the agreements of the parties, and that some of the work was not performed in a good and workmanlike manner, by reason of all which defendant was damaged to the amount of $431.20. He also found that " by the contract plaintiff was to put seats on the piazza in

front of the hotel to correspond with those on the old piazza; also fenders in front of the posts; to build an entrance to the cellar, and to put two windows in the west room up stairs. But he failed and refused to perform his contract in the several particulars above set forth, although requested by defendant to complete the same."

The referee found that the value of the work performed by plaintiff was $1,459.80; that plaintiff had paid thereon $752.32, and as a conclusion of law that defendant was indebted to plaintiff for the balance of $707.48.

*Gott, Garfield & Hoyt*, for appellant.

*Graves & Brown*, for respondent.

TALCOTT, J. The foundation of the plaintiff's action is a written contract to make certain alterations and repairs upon a building belonging to the defendant, with a further and additional parol contract providing for certain changes in the original plan. The referee in his findings, after stating the making of the contracts and that the plaintiff entered upon the performance thereof, finds that "during the time that plaintiff was engaged in said work the defendant lived in said house, and in some things directed the manner of its execution; and also directed that certain other work not mentioned, in either agreement with said plaintiff, be done," and that said extra work was done, etc. The finding then proceeds as follows: "And I further find that some of the materials, as furnished by plaintiff to defendant, were not of as good quality as those called for by the agreements of the parties, and that some of the work performed as aforesaid was not performed in a good and workmanlike manner, by reason of which defendant suffered damages in the sum of $431.20." The referee then finds that the materials furnished and work performed by plaintiff for the defendant was worth the sum of $1,459.80, of which sum there was paid by the defendant to the plaintiff, from time to time during the continuance of the work, the sum of $752.32, and as a conclusion of law he finds that the defendant owes the plaintiff $707.48, with interest from the 24th day of May, 1872; for which sum he directs a judgment: On the settlement of the case, the referee inserted therein, on the request of the defendant's counsel, the following additional finding: "That, by the contract made between the plaintiff and defendant, plaintiff

McNeal v. Clement.

was, among other things, to put seats on the piazza in front of the hotel, to correspond with those on the old piazza; also fenders in front of the posts; to build an entrance to the cellar, and to put two windows in the west room up stairs. But he failed and refused to perform his contract in the several particulars above set forth, although requested by the defendant to complete the same." Thus we see, that, according to the facts as found by the referee, the plaintiff neglected and refused to perform his contract in three most important particulars: 1st, in materials; 2d, in workmanship; and 3d, in absolutely refusing to do or attempt to do certain things which by the contract he had agreed to do.

On looking into the evidence, it appears that these findings by the referee were unavoidable, and that the violations of the contracts on the part of the plaintiff were important and willful. It seems to be quite clear that the referee, in holding that the plaintiff is entitled to recover in such a case, has wholly mistaken the rules of law applicable to actions on contract. Where there is a special contract for work, labor and materials upon one side, and payment upon the other, the due performance of the contract is a condition of the right to recover, and builders have no immunity from this rule of law. The idea that a party who makes a contract with a builder is wholly at his mercy, and is not protected by his contract against the neglects, refusals and reckless and willful violation of its terms by the other party, has frequently been considered and uniformly condemned by the courts of this State.

The report of the referee in this case is quite similar to that in the case of *Smith* v. *Brady*, 17 N. Y. 173. And the opinion delivered by Judge COMSTOCK in that case, and concurred in by all the court, is quite applicable to the case at bar. A part of the opinion is as follows: " The particulars in which the referee found the contracts not performed are not stated in his report, but they could not have been so unimportant that the law will refuse to notice them, because, in the same report, the value of those particulars is ascertained to be over $200. Nor is it found that the plaintiff intended to perform his contract. For aught that appears, the omissions and defects were intentional and willful; and in the absence of all explanation, the presumption is that they were so.    *    *    *    To conclude, there is, in a just view of the question, no hardship in requiring builders, like all other men, to perform their contracts in order to entitle themselves to payment.    *    *    *    If he fails to

perform, when the requirement is plain, and when he can perform if he will, he has no right to call upon the courts to make a new contract for him, nor ought he to complain if the law leaves him without remedy."

In *Smith* v. *Brady*, the whole amount of the contract was $4,900, and the referee found the damages sustained by the defendant, for deficiencies in work and materials, to be $212.57. In the case at bar, the whole amount of the contract, both written and by parol, was $1,550, and the damages sustained by the defendant, for deficiencies in workmanship and materials (to say nothing of the items wholly omitted to be done in any manner), is $431.20

In the leading case of *Jennings* v. *Camp*, 13 Johns. 94, the court held that the rule that, if there be a special agreement and work done under it, the plaintiff may recover on a *quantum meruit*, has no application to such a state of facts as exist in this case. That the rule referred to supposes a performance of the contract with variations from the agreement, probably with the assent of both parties, and was never intended to embrace the case of a willful dereliction from the contract when partly executed by one of the parties without the assent and against the will of the other. The fact is, as intimated in *Smith* v. *Brady, supra*, it is not the office of courts to make or alter contracts, or to undertake to say that a party, who has bargained for one thing, shall accept and pay for another in lieu thereof. If the party entitled to a performance sees fit to waive a full and strict compliance with the terms of the contract, such is his right, and, as a question of fact, courts and juries put a very liberal construction upon such acts of the parties as have a tendency to show an intent to waive strict performance. But a clear and willful violation of the contract, where performance is not waived, is as complete a bar to a recovery on a contract for building as on any other. The case of *Smith* v. *Brady* was followed in *Bonesteel* v. *Mayor of New York*, 22 N. Y. 162; and in *Cunningham* v. *Jones*, 20 id. 486; which latter case, like the one at bar, was an action to enforce a mechanic's lien. The same principles were fully recognized and adopted in *Pike* v. *Butler*, 4 N. Y. 360; in *Pullman* v. *Corning*, 9 id. 93; and in *Tompkins* v. *Dudley*, 25 id. 272.

The referee does not find that the defendant, in this case, waived the performance of the contract, in regard to the particulars in respect to which the plaintiff violated it. It is true he finds certain

facts, from which he perhaps supposed that this court could draw the inference of a waiver, namely: That "during the time the plaintiff was engaged in said work, the defendant lived in said house and was about said work, and in some things directed the manner of its execution." If this finding amounted to any thing, it would be a mere finding of the evidence and not of any material fact; but the facts stated, as they are stated, fall short of being sufficient to authorize even a referee to find the fact of a waiver. The contract related to one wing of a hotel, in which the defendant resided. He was not called upon to desert his residence, and was necessarily, as the referee expresses it, "about said work." And it is not pretended that the work in regard to which he gave specific directions was that in which the deficiencies are found to exist. It does not appear, and is not suggested by the referee, that the defendant ever waived the performance of the contract by the plaintiff. On the contrary, the evidence shows that he complained and remonstrated in regard to some departures from, and violations of, the contract which are to be presumed to be a portion of those found by the referee. And, indeed, the referee himself finds that the plaintiff refused to do certain things called for by the contract, although expressly requested by the defendant to perform his contract in those particulars. There is no ground upon which this recovery can be sustained, upon this finding, without violating the fundamental principles of the law of contracts.

It being necessary to reverse the judgment upon the merits, there is no necessity of examining the numerous exceptions taken by the defendant in the course of the trial.

Judgment is reversed and new trial ordered, costs to abide the event, and a new referee to be appointed.

*Judgment accordingly.*